**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re

| | |
|---|---|
| AUBREY BRUCE WRING and | Case No. 10-21899-pjd |
| VIRGINIA A. WRING, | Chapter 11 |
|      Debtors. | |

# CHAPTER 11 TRUSTEE'S FIRST AMENDED PLAN OF REORGANIZATION

**December 9, 2016**

Michael P. Coury (7002)
**GLANKLER BROWN PLLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 680-7348
mcoury@Glankler.com
*Chapter 11 Trustee*
*Attorneys for Chapter 11 Trustee*

R. Campbell Hillyer (22124)
**BUTLER, SNOW LLP**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
cam.hillyer@butlersnow.com
*Attorneys for Chapter 11 Trustee*

# TABLE OF CONTENTS

**Article 1** - *Definitions* ..................................................................................2

**Article II** - *Interpretation, Rules of Construction, Computation of Time* .......................7

**Article III** - *Designation of Non-Classified Claims* ...........................................7

3.1  Administrative Expense Claims....................................................................8

3.2  Priority Tax Claims..................................................................................8

**Article IV** - *Designation and Treatment of Classes of Claims and Interests* ..................................................................................8

(i)  Unclassified Claims ................................................................................8

    4.01  Administrative Expense Claims.............................................................8

(ii)  Classified Claims ..................................................................................9

4.02  Class 1A - Prepetition Secured Claim of Carrington Mortgage Services, LLC as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, N.A., as Trustee for the Certificate Holders of Vendee Mortgage Trust 1996-2, United States Department of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ...........................................................9

Class 1B - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicing Agent for Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1997-1, Without Recourse, Except as Provided in a Loan Sale Agreement Dated February 1, 1997....................................................................11

Class 1C - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association, as Trustee for Vendee Mortgage Trust 1999-3 .................................13

Class 1D - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association, for the Certificate Holders Vendee Mortgage Trust 2000-1 .............14

i

Class 1E - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National
Trust Company, f/k/a Bankers Trust Company of California,
National Association, as Trustee for Vendee Mortgage Trust 1999-1,
United States Department of Veterans Affairs, Guaranteed Remic
Pass-Through Certificates ...................................................................................16

Class 1F - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National Trust
Company, on behalf of Vendee Mortgage Trust 2008-1, United States
Department of Veterans Affairs, Guaranteed Remic Pass-Through
Certificates ............................................................................................................17

Class 1G - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National Trust
Company, f/k/a Bankers Trust Company of California, N.A., as Trustee
for Vendee Mortgage Trust 1999-2, United States Department of
Veterans Affairs, Guaranteed Remic Pass-Though Certificates ...........................19

Class 1H - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National Trust
Company, f/k/a Bankers Trust Company of California, National
Association for Vendee Mortgage Trust 2003-2 ....................................................21

Class 1I - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National Trust
Company, as Trustee for Vendee Mortgage Trust 2003-1, United
States Department of Veterans Affairs, Guaranteed Remic
Pass-Through Certificates ...................................................................................23

Class 1J - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsche Bank National
Trust Company, f/k/a Bankers Trust Company of California, N.A.,
as Trustee for Vendee Mortgage Trust 1998-1, United States
Department of Veterans Affairs, Guaranteed Remic Pass-Through
Certificate ............................................................................................................24

Class 1K - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicing Agent for Deutsch Bank National Trust
Company, as Trustee for the Certificate Holders of Vendee Mortgage
Trust 1995-1, United States Department of Veterans Affairs,
Guaranteed Remic Pass-Through Certificate......................................................26

Class 1L - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association.........................................................................................27

Class 1M - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association, as Trustee, for the Holders of the Vendee Mortgage Trust 1997-2............................29

Class 1N - Prepetition Secured Claim of the Secretary of Veterans Affairs of Washington, D.C., c/o Residential Credit Solutions, Inc......................31

Class 1O - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Deutsche Bank National Trust Company, f/k/a Bankers Trust as Trustee for Holders of the Vendee Mortgage Trust 2002-1.............................................................................................32

Class 2A - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Bank of America, N.A..........................................34

Class 2B - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association as Trustee for the Holders of the Vendee Mortgage Trust 2003-2 ......................................................................................36

Class 2C - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Deutsche Bank National Trust Company as Trustee for the Certificate Holders of Vendee Mortgage Trust 2002-2 ......................................................................................38

Class 2D - Prepetition Secured Claim of Carrington Mortgage Services, LLC as Servicer for Deutsche Bank National Trust Company as Trustee for the Holders of Vendee Mortgage Trust 2008-1.............................................................................................39

Class 2E - Prepetition Secured Claim of Carrington Mortgage Services, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Holders of the Vendee Mortgage Trust 2003-1.............................................................................................41

Class 2F - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicer for Deutsche Bank National
Trust Company, f/k/a Bankers Trust Company of California,
National Association, as Trustee for the Holders of the Vendee
Mortgage Trust 2001-2 ...................................................................................43

Class 2G - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Service for Deutsche Bank National Trust Company,
f/k/a Bankers Trust Company of California, National Association, as
Trustee, for the Holders of the Vendee Mortgage Trust 2001-1...........................45

Class 2H - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicer for Deutsche Bank National Trust Company,
f/k/a Bankers Trust Company of California, National Association, as
Trustee, for the Holders of the Vendee Mortgage Trust 1998-2...........................47

Class 2I - Prepetition Secured Claim of Carrington Mortgage
Services, LLC, as Servicer for Deutsche Bank National Trust Company,
f/k/a Bankers Trust Company of California, National Association, as
Trustee, for the Holders of the Vendee Mortgage Trust 1994-2...........................48

Class 3 - Prepetition Secured Claim of Bank of Bartlett .......................................50

Class 4 - Prepetition Secured Claim of Cadence Bank, N.A. ................................54

Class 5 - Prepetition Secured Claim of Chase Home Finance, LLC ....................56

Class 6 - Prepetition Claim of DiTech, as Assignee of GMAC
Mortgage and Citimortgage ..................................................................................58

Class 7 - Prepetition Secured Claim of Farm Credit Mid-South ..........................60

Class 8 - Prepetition Secured Claim of Federal National Mortgage
Association as Assignee of Chase Mortgage ..........................................................60

Class 9 - Prepetition Secured Claim of First Alliance Bank..................................62

Class 10 - Prepetition Secured Claim of First Bank ..............................................64

Class 11 - Prepetition Secured Claim of First Capital ...........................................64

Class 12 - Prepetition Secured Claim of First Citizens Bank ................................65

Class 13 - Prepetition Secured Claim of First Community Bank
of Eastern AR..........................................................................................................66

iv

Class 14 - Prepetition Secured Claim of First State Bank ......................................66

Class 15 - Prepetition Secured Claim of First State Bank
(Holly Springs)..........................................................................................................67

Class 16 - Prepetition Secured Claim of Hardin County Bank..............................68

Class 17 - Prepetition Secured Claim of JP Morgan Chase Bank, N.A.
as Servicing Agent for one or more Mortgage Trusts.............................................68

Class 18 - Prepetition Secured Claim of Memphis Area Teachers
Credit Union..............................................................................................................70

Class 19 - Prepetition Secured Claim of NationStar Mortgage ............................71

Class 20 - Prepetition Secured Claim of Patriot Bank..........................................72

Class 21 - Prepetition Secured Claim of PNC Mortgage, N.A. ............................72

Class 22 - Prepetition Secured Claim of Regions Bank ........................................73

Class 23 - Prepetition Claim of RJ Real Estate Holdings, G.P., as
Assignee of Regions Bank Holdings .......................................................................75

Class 24 - Prepetition Secured Claim of R.J. Real Estate Holdings,
G.P., as Assignee of First Tennessee Bank.............................................................77

Class 25 - Prepetition Secured Claim of Security Bank & Trust Co. ....................80

Class 26 - Prepetition Secured Claim of Rushmore Loan Management
Services, LLC as Assignee of Wells Fargo, N.A., MTGLO and
BAC Home Loan ......................................................................................................80

Class 27 - Prepetition Secured Claim of Select Portfolio as Servicer
for Long Beach Mortgage Loan Trust 2005-1 .......................................................82

Class 28 - Prepetition Secured Claim of Wells Fargo Bank, N.A. ........................84

Class 29 - Prepetition Secured Claim of Selene Finance LP, Servicer
for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust,
as Trustee for BCAT 2015-13BTT, as Assignee of Wells Fargo
Bank, N.A. ...............................................................................................................85

Class 30 - Prepetition Secured Claim of Shellpoint Mortgage
Servicing, Servicer for JP Morgan Chase and CMS Home Loan
Servicing as Agent for Bank of America.................................................................87

Class 31 - Prepetition Secured Claim of Taxing Authorities,
Consists of the Claim of the Shelby County Trustee and the City
of Memphis ............................................................................................89

Class 32 - Prepetition Secured Claim of Ford Motor Credit Company ................90

Class 33 - Prepetition Secured Claim of Toyota Motor Credit
Corporation ............................................................................................90

Class 34 - Secured Claim of M&T Bank, as Assignee of Chase Home
Finance ..................................................................................................90

Class 35 - Unsecured Claims of Creditors not Entitled to
Priority under the Code ..........................................................................92

Class 36 - Interests of the Debtors ........................................................92

**Article V - *Implementation of Plan*** ................................................................94
    5.01  Means for Implementation of Plan ...............................................94
    5.02  Post-Confirmation Management of the Reorganized Debtors ....................94
    5.03  Source of Payments...................................................................95
    5.04  Consummation ..........................................................................95
    5.05  Pre-Discharge Injunction ............................................................96
    5.06  Post-Confirmation Payment of Professionals ...............................96
    5.07 Preservation of Claims and Causes of Action.............................96

**Article VI - *Treatment of Executory Contracts and Unexpired Leases*** ........97
    6.01  Warranty Agreements and Licenses ............................................97
    6.02  Lease Agreements and Lease Purchase Agreements ...................97
    6.03  Additional Contracts ..................................................................97

**Article VII - *Provisions Regarding Distributions and Objections
    to Claims*** ..........................................................................................98
    7.01  Disputed Claims........................................................................98
    7.02  Delay of Distribution on Disputed Claims....................................98
    7.03  Settlement of Disputed Claims ..................................................98

**Article VIII - *Miscellaneous Provisions*** ......................................................98
    8.01  Cramdown ................................................................................98
    8.02  Modification of Plan ..................................................................98
    8.03  Severability ..............................................................................99
    8.04  Binding Effect...........................................................................99
    8.05  Captions ..................................................................................99
    8.06  Controlling Effect .....................................................................99
    8.07  Effective Date of Plan ..............................................................99

8.08  Discharge ........................................................................................................99

**Article IX - *Retention of Jurisdiction*** ..........................................................................100

# ARTICLE I

## DEFINITIONS

In addition to such other terms as are defined in other sections of this Plan, the following terms (which appear in this Plan as capitalized terms) have the following meanings as used in this Plan:

**1.01 "Administrative Claim"** means a Claim for payment of an administrative expense under §503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority under §507(a)(2) of the Bankruptcy Code, including (a) actual, necessary costs and expenses, incurred after the Petition Date, of preserving the Debtor's Estate and operating its business, including wages, salaries or commissions for services rendered after the Petition Date, (b) Fee Claims, (c) all fees and charges assessed against the Estate under 28 U.S.C. §1930 and (d) all Allowed Claims that are entitled to be treated as Administrative Claims by virtue of a Final Order entered under §546(c)(2)(A) of the Bankruptcy Code.

**1.02 "Allowed Claim and Allowed Interest"** means, with reference to any Claim or Interest: (i) a Claim against or Interest in the Debtor, proof of which, if required, was Filed on or before the Bar Date, which is not a Contested Claim or Contested Interest, (ii) if no proof of claim or interest was so Filed, a Claim against or Interest in the Debtor that has been or hereafter is listed by the Debtor in their Schedules as liquidated in amount and not disputed or contingent, or (iii) a Claim or Interest allowed hereunder or by Final Order. An Allowed Claim or Allowed Interest does not include any Claim or Interest or portion thereof which is a Disallowed Claim or Disallowed Interest or which has been subsequently withdrawn, disallowed, released or waived by the holder thereof, by this Plan, or pursuant to a Final Order. Unless otherwise specifically provided in this Plan, an Allowed Claim or Allowed

2

Interest shall not include any amount for punitive damages or penalties. The Claims of each of the Debtor against one or more of the other Debtor shall be deemed to be Allowed Claims for all purposes.

**1.03** **"Avoidance Actions"** means any claim or cause of action belonging to the Debtor and arising under the Bankruptcy Code, including but not limited to §§544, 547, 548 and 550.

**1.04** **"Bankruptcy Code"** means Title 11 of the United States Code, as was in effect on the Petition Date, as amended by any amendment applicable to this Reorganization Case.

**1.05** **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Tennessee, Western Division.

**1.06** **"Chapter 11 Trustee"** means Michael P. Coury or any duly appointed successor trustee.

**1.07** **"Confirmation"** means the entry of a Final Order of the Bankruptcy Court confirming this Plan.

**1.08** **"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order.

**1.09** **"Confirmation Order"** means the Final Order of the Bankruptcy Court confirming this Plan.

**1.10** **"Consummation"** shall mean the instant upon which the first distributions of cash or property have been made to any class of Creditors under this Plan, at which time this Plan shall be deemed fully consummated and on which date this Plan shall be fully effective.

**1.11** **"Creditor"** means the holder of a Claim as of the Petition Date.

**1.12** **"Debtors"** mean Aubrey Bruce Wring and Virginia Ann Wring.

3

**1.13**    **"Deficiency Claim"** means an Allowed Claim of a Creditor, equal to the amount by which the aggregate Allowed Claims of such Creditor exceed the sum of (a) any set off rights of the Creditor permitted under §553 of the Code, plus (b) the Secured Claim of such Creditor; provided, however, that if the holder of a Secured Claim or the Class of which such Claim is a member makes the election provided in §1111(b)(2) of the Code, there shall be no Deficiency Claim in respect of such Claim.

**1.14**    **"Disputed Claim"** means a claim as to which a proof of claim has been filed or deemed filed, as to which an objection has been or may be timely filed by the Debtor, the Reorganized Debtor, the Trustee or any other party in interest and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by this Plan or Order of the Bankruptcy Court and has not been overruled or denied by a Final Order.  Before an objection has been or may be timely filed, for the purposes of this Plan, a claim shall be considered a Disputed Claim to the extent that the amount of the claim specified in the proof of claim exceeds the amount of the claim scheduled by the Debtor as other than disputed, contingent, or unliquidated, on the Schedules of Assets and Liabilities.

**1.15**    **"Effective Date"** means the date specified as the Effective Date in Section 8.07 of this Plan.

**1.16**    **"Estate"** means the estate created in the Reorganization Case for the Debtor pursuant to Section 541 of the Bankruptcy Code.

**1.17**    **"Final Order"** means an Order as entered on the docket as to which the time to appeal or seek review or rehearing has expired and as to which no appeal, review, re-argument or petition for *certiorari* is pending, or as to which any appeal, review, re-argument or petition for

*certiorari* that has been sought has been resolved by the highest court with appropriate jurisdiction, or if pending, no stay shall have been obtained.

**1.18** **"Fiscal Year"** means the twelve calendar month period ending December 31 of each year.

**1.19** **"Impaired"** means the treatment of an Allowed Claim or Allowed Interest under this Plan unless, with respect to such Claim or Interest, either: (i) this Plan leaves unaltered the legal, equitable, and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest, or (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the applicable Debtor (A) cures any default that occurred before, on or after the commencement of the Chapter 11 Case other than default of the kind specified in Section 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest.

**1.20** **"Projected Disposable Income"** shall mean all gross collected revenue of the Debtor in each fiscal year commencing upon the Effective Date less all allowed administrative expenses, reasonable operating capital, and all reasonable and necessary living expenses which include but are not limited to real property taxes, personal property taxes, state and federal income taxes, withholding and social security taxes, wages, sales expenses, insurance premiums food, clothing, housing, transportation, mandatory retirement contributions, medical expenses,

5

necessary capital purchases, lease payments, rents, telephone, utilities, permits, legal and accounting fees.

**1.21** **"Order"** means an order or judgment of the Bankruptcy Court as entered on the docket.

**1.22** **"Person"** shall have the meaning ascribed by 11 U.S.C. § 101.

**1.23** **"Petition Date"** means February 9, 2010.

**1.24** **"Plan"** means this Plan and any Amended Plan of Reorganization filed by the Plan Proponent.  If any further Amended Plan has been filed, then "Plan" means the most recent amended plan filed with the Court.

**1.25** **"Plan Proponent"** means the Michael P. Coury, Chapter 11 Trustee.

**1.26** **"Reorganization Case"** means the chapter 11 case pending in the Bankruptcy Court for the Debtor.

**1.27** **"Reorganized Debtor"** means the Debtors on and after the Effective Date.

**1.28** **"Secured Claim"** shall mean a Claim secured by a lien against property in which the Debtors have an interest, or which is subject to set-off under § 553 of the Bankruptcy Code to the extent of the value (determined in accordance with § 506(a) of the Bankruptcy Code) of the interest of the holder of such Claim and the Debtors' interest in such property or to the extent of the amount subject to such set-off, as the case may be.

**1.29.** **"Unimpaired"** means a claim that is not Impaired as contemplated in 11 U.S.C. § 1124.

6

# ARTICLE II

## INTERPRETATION, RULES OF CONSTRUCTION, COMPUTATION OF TIME

2.1.     Any term used in this Plan that is not defined in this Plan but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in, and shall be construed in accordance with the rules of construction pursuant to, the Bankruptcy Code or the Bankruptcy Rules.  Without limiting the foregoing, the rules of construction set forth in 11 U.S.C. § 102 shall apply.

2.2.     The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan as a whole and not to any particular article, section, subsection, or clause contained in the Plan.

2.3.     Any reference in this Plan to a document being in a particular form means that the document shall be in substantially such form.

2.4.     Any reference in this Plan to an existing document means such document, as it may have been amended, modified or supplemented from time to time.

2.5.     Whenever from the context it is appropriate, each term stated in either the singular or the plural shall include both the singular and the plural.

2.6.     In computing any period of time prescribed or allowed by the Plan, the provisions of FED. R. BANKR. P. 9006(a) shall apply.

# ARTICLE III

## DESIGNATION OF NON-CLASSIFIED CLAIMS

This Plan does not classify Claims against the Debtors having priority as specified in Section 507(a) (2),(3) and (8) of the Bankruptcy Code, which Claims are designated as follows:

**3.1.**   *Administrative Expense Claims.*   Administrative expenses are costs or expenses of administering the Debtors' chapter 11 case which are allowed under § 507(a) (2) and § 503(b) of the Code.  Administrative expenses also include the value of any goods sold to the Debtors in the ordinary course of business and received within 20 days before the date of the bankruptcy petition.  The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Allowed Administrative claims shall be paid in cash, in full on the Effective Date of the Plan. Any administrative clams representing liability incurred in the ordinary course of business of the Debtor may be paid in cash in the ordinary course of business.  Included in this class are the attorneys' fees incurred by the Debtor.

**3.2.**   *Priority Tax Claims*.   Priority tax claims are unsecured income, employment, property other taxes described by § 507(a) (8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

<u>**ARTICLE IV**</u>

<u>**DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS AND INTERESTS**</u>

Pursuant to 11 U.S.C. §§ 1123(a) (1) – (3) the Plan divides claims against and interests in the Debtors into the following classes and treatments below:

**(i)**   *Unclassified Claims*.

**4.01**   <u>**Administrative Expense Claims.**</u> Allowed Administrative claims shall be paid in cash, in full on the Effective Date of the Plan. Any administrative clams representing liability incurred in the ordinary course of business of the Debtors may be paid in cash in the ordinary course of business.  Included in this class are the allowed attorneys' fees incurred by the Debtors

8

and the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee. Any United States Trustee Quarterly Fees under 28 U.S.C. § 1930(a)(6) due and owing or assessable prior to confirmation shall be paid in full on the Effective Date of the Plan and any further such fees shall be paid in accordance with 28 U.S.C. § 1930(a)(6).  After confirmation, the Chapter 11 Trustee and/or the Debtors shall file with the Court and serve on the United States Trustee a financial report for each quarter, or portion thereof, for which the case remains open in a format prescribed by the United States Trustee and provided to the Debtors by the United States Trustee.

*(ii)* ***Classified Claims***

**4.02   Class 1A:**   **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, N.A., as Trustee for the Certificate Holders of Vendee Mortgage Trust 1996-2, United States Department of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ("CMS-1A").**   Consists of the unpaid balances due to CMS-1A which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 113 | $45,035.60 | 1658 Dolan Drive, Memphis, TN |
| 119 | $43,495.44 | 3249 Chisca Avenue, Memphis, TN |
| 122 | $50,238.22 | 1435 Finley Road, Memphis, TN |
| 123 | $47,299.41 | 1496 Darden Avenue, Memphis, TN |
|  | $24,462.28 | 4243 Bacon, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.     All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

9

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute

10

the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11

Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed

itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may

deduct the overpayment from future payments owed to claimant.

Class 1A is impaired.

**Class 1B:**        **Prepetition Secured Claim of Carrington Mortgage Services, LLC**

**("CMS") as Servicing Agent for Bankers Trust Company of California, N.A., as Trustee**

**For Vendee Mortgage Trust 1997-1, without recourse, except as provided in a Loan Sale**

**Agreement dated February 1, 1997 ("CMS-1B").**   Consists of the unpaid balance due to CMS-

1B which is secured by a duly perfected first priority deed of trust on the real property listed as

follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 152 | $55,620.62 | 5948 Cuspidon Cove, Millington, TN |
| 162 | $55,620.62 | 5948 Cuspidon Cove, Millington, TN – **DUPLICATE** |
|  | $67,474.89 | 4527 Green Creek, Memphis, TN |

The duplicate claim shall be disallowed and the foregoing claim shall be modified on the

Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.        All claims are shall be deemed to be fully secured without respect to the value of

the underlying collateral.

2.        All interest rates are to be modified to 4.5%.

3.        The principal loan balances of each loan, as of the Effective Date of the plan, will

be extended and reamortized over a 25-year period.

4.        All other terms of the subject loans shall remain unchanged.

11

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.   The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.   Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.   In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.   In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1B is impaired.

**Class 1C:     Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company f/k/a Bankers Trust Company Of California, National Association, as Trustee for Vendee Mortgage Trust 1999-3 ("CMS-1C").** Consists of the unpaid balances due to BAC-1C which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 115 | $78,699.94 | 3412 Wythe Road, Memphis, TN 38134 |
| 127 | $48,466.47 | 5657 Ballenmoor, Memphis, TN 38141 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the

13

outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant. Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1C is impaired.

**Class 1D:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company f/k/a Bankers**

14

**Trust Company of California, National Association, for the Certificate Holders Vendee**

**Mortgage Trust 2000-1 ("CMS-1D").** Consists of the unpaid balances due to CMS-1D which

are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 125 | $99,246.51 | 8091 Rankin Branch Rd., Millington, TN 38053 |
| 126 | $145,154.13 | 8766 Julip Cove, Cordova, TN 3818 |
| 128 | $51,913.65 | 4413 Ernie Drive, Memphis, TN 38116 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan

balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of

the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will

be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the

claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan

balance(s), including any late charges, legal fees, arrearages or other charges asserted by

claimant.   The loan balance(s) shown on the itemized statement shall be deemed to be the

outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the

Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court

may extend the time for filing the itemized statement upon good cause shown.  In the event such

time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the

Effective Date based on the outstanding balance(s) shown on the last invoice or statement

received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.     In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.     The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimants.

Class 1D is impaired.

**Class 1E:     Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association as Trustee for Vendee Mortgage Trust 1999-1, United States Department Of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ("CMS-1E").**  Consists of the unpaid balances due to CMS-1E which are secured by the duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 129 | $57,279.90 | 59 Hidden Valley, Jackson, TN 38035 |

16

| 130 | $76,267.18 | 2030 Waskom Drive, Memphis, TN |

Pursuant to the Court's order dated June 30, 2015, the foregoing properties have been conveyed to the Creditor or its assignee in full satisfaction of the foregoing claim.

Class 1E is unimpaired.

**Class 1F:**     **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, on Behalf of Vendee Mortgage Trust 2008-1, United States Department Of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ("CMS-1F").**     Consists of the unpaid balances due to CMS-1F which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 137 | $74,127.37 | 7329 Ashley Oaks Dr., Memphis, TN 38125 |
| 138 | $114,529.13 | 5604 Autumn Valley Drive, Bartlett, TN 38135 |
| 153 | $45,960.37 | 2068 Lee Cove, Memphis, TN |
| 155 | $85,999.69 | 6980 Brady Hill Drive, Cordova, TN |
| 156 | $36,905.36 | 3053 Mountain Terrace Road, Memphis, TN |
| 157 | $79,981.78 | 6331 Bent Oak, Memphis, TN |
| 159 | $79,671.52 | 4625 Shaker Cove, Memphis, TN 38141 |
| 161 | $107,898.19 | 92 Sterling Farm Drive, Atoka, TN 38004 |
| 165 | $60,656.69 | 4851 Dianne Drive, Memphis, TN |
| 167 | $66,818.93 | 4467 Sunny Slope Drive, Memphis, TN |
| 171 | $56,908.32 | 3334 Gaylord Lane, Memphis, TN |
| 175 | $94,327.59 | 2851 Emerald Street, Memphis, TN |
| 180 | $54,857.67 | 3654 Elm Park Road, Memphis, TN |
| 182 | $81,084.26 | 5901 Foxdale Road, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

17

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

18

7.     The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1F is impaired.

**Class 1G:     Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company Of California, N.A., as Trustee for Vendee Mortgage Trust 1999-2, United States Department of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ("CMS-1G").**  Consists of the unpaid balance due to CMS-1G which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 169 | $36,302.92 | 3398 Riney Street, Memphis, TN 38127 |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.     The claim are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.     All interest rates are to be modified to 4.5%.

3.     The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

19

4.    All other terms of the subject loans shall remain unchanged.

5.    Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown. In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.    In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.    The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance asserted by claimant. Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the

20

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1G is impaired.

**Class 1H:** **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, National Association for Vendee Mortgage Trust 2003-2 ("CMS-1H").** Consists of the unpaid balances due to CMS-1H which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 160 | $110,820.42 | 4478 Garrison Avenue, Memphis, TN |
| 166 | $107,490.46 | 7326 English Cove, Memphis, TN |
| 178 | $84,044.73 | 2594 Wagon Wheel Cove, Memphis, TN |
|  | $99,108.09 | 4098 Worden Cove, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by

21

claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1H is impaired.

**Class 1I:** **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, as Trustee For Vendee Mortgage Trust 2003-1, United States Department of Veterans Affairs, Guaranteed Remic Pass-Through Certificates ("CMS-1I").** Consists of the unpaid balance dues to CMS-1I which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 172 | $131,849.63 | 4700 Bethany Drive, Memphis, TN |
| 173 | $87,687.93 | 6640 Cindy Lynn Lane, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court

23

may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1I is impaired.

**Class 1J:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company Of California, N.A., as Trustee For Vendee Mortgage Trust 1998-1, United States Department of Veterans Affairs, Guaranteed Remic Pass-Through Certificate**

**("CMS-1J").**    Consists of the unpaid balance due to CMS-1J which is secured by a duly

perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 176 | $60,648.40 | 7320 Hollorn Lane, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan

balance shall be restructured and paid as follows:

1.       All claims are shall be deemed to be fully secured without respect to the value of

the underlying collateral.

2.       All interest rates are to be modified to 4.5%.

3.       The principal loan balance of the loan, as of the Effective Date of the plan, will be

extended and reamortized over a 25-year period.

4.       All other terms of the subject loans shall remain unchanged.

5.       Between entry of the order confirming the Plan and the Effective Date, the

claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan

balance, including any late charges, legal fees, arrearages or other charges asserted by claimant.

The loan balance shown on the itemized statement shall be deemed to be the outstanding loan

balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee

below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time

for filing the itemized statement upon good cause shown.  In the event such time is extended, the

Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on

the outstanding balance(s) shown on the last invoice or statement received from the claimant

prior to the Effective Date.  In the event a subsequently produced itemized statement results in a

different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class J is impaired.

**Class 1K:** **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Vendee Mortgage Trust 1995-1, United States Department Of Veterans Affairs, Guaranteed Remic Pass-Through Certificate ("CMS-1K").**   Consists of the unpaid balance due to CMS-1K which is secured by the duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 181 | $18,832.77 | 3043 Simmons Road, Atoka, TN |

Pursuant to the Court's order dated June 30, 2015, the foregoing properties have been conveyed to the Creditor or its assignee in full satisfaction of the foregoing claim.

Class 1K is unimpaired.

**Class 1L:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicing Agent for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company Of California, National Association ("CMS-1L").**   Consists of the unpaid balances due to CMS-1L which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 121 | $67,902.55 | 1624 Finley Road, Memphis, TN |
| 124 | $140,681.24 | 4981 Grand Pines Drive, Memphis, TN |
| 131 | $51,649.52 | 1587 Oakwood Drive, Memphis, TN 38119 |
| 132 | $21,957.51 | 3516 Pryor Street, Memphis, TN 38127 |
| 164 | $76,291.64 | 6849 Tawny Cove, Memphis, TN 38115 |
| 174 | $51,608.32 | 4286 Bennettswood Drive, Millington, TN |
| 183 | $49,076.05 | 1882 Janis Drive, Memphis, TN |

The foregoing claims, other than claim no. 183, shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Pursuant to the Court's order dated June 30, 2015, the property located 1882 Janis Drive has been conveyed to the creditor or its assignee in full satisfaction of the foregoing Claim No. 183.

6.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

7.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

8.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may

deduct the overpayment from future payments owed to claimant.

Class 1L is impaired.

**Class 1M:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as Servicer for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association, as Trustee, for the Holders of the Vendee Mortgage Trust 1997-2 ("CMS-1M").**   Consists of the unpaid balance due to CMS-1M which

is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
|           |              |                  |
|           |              |                  |
|           |              |                  |
|           |              |                  |
|           |              |                  |
|           |              |                  |
|           | $45,305.99   | 5669 Jardin Place |
|           |              |                  |
|           |              |                  |
|           |              |                  |

The foregoing claim shall be modified on the Effective Date and the outstanding loan

balance shall be restructured and paid as follows:

1.      The claim shall be deemed to be fully secured without respect to the value of the

underlying collateral.

2.      The interest rate shall be modified to 4.5%.

3.      The principal loan balance of the loan, as of the Effective Date of the plan, will be

extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class IM is impaired.

**Class 1N:** **Prepetition Secured Claim of the Secretary of Veterans Affairs of Washington, D.C., c/o Residential Credit Solutions, Inc. ("VA").** Consists of the unpaid balances due to the VA which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 135 | $52,456.48 | 4311 Overton Crossing, Memphis, TN |
| 179 | $65,233.49 | 7222 Rose Trail Drive, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      All claims are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      All interest rates are to be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.   The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.   Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.   In the event such

31

time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1N is impaired.

**Class 1O:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutche Bank National Trust Company, f/k/a Bankers Trust as trustee for Holders of the Vendee Mortgage Trust 2002-1.**  Consists of the unpaid balance due to CMS-1O which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| | $59,373.03 | 4742 Mallard Ridge, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restricted and paid as follows:

1.      The claim shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.5%.

3.      The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25 year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide the itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding

33

balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 1O is impaired.

**Class 2A:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Bank of America, N.A.   ("Bank of America").**   Consists of the unpaid balance due to Bank of America which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 192 | $125,323.16 | 7475 Germanshire Lane, Memphis, TN 38125 |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      The claim shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.5%.

34

3.      The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loans shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11

Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2A is impaired.

**Class 2B:**     **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, National Association As Trustee For The Holders Of The Vendee Mortgage Trust 2003-2 ("Bank of America").**    Consists of the unpaid balances due to Bank of America which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 193 | $78,629.16 | 4093 Oak Bend Drive, Memphis, TN 38115 |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.    The claim shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.    The interest rate shall be modified to 4.5%.

3.    The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.    All other terms of the subject loan shall remain unchanged.

5.    Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan

36

balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2B is impaired.

**Class 2C:**       **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company as Trustee for the Certificate Holders of Vendee Mortgage Trust 2002-2 ("CMS").**   Consists of the unpaid balance due to Bank of America on the following claim which is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 194 | $71,862.59 | 4552 Country Brook Drive, Memphis, TN 38151 |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.       The claim shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.       The interest rate shall be modified to 4.5%.

3.       The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.       All other terms of the subject loan shall remain unchanged.

5.       Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on

38

the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.       In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.       The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2C is impaired.

**Class 2D:       Prepetition Secured Claim of Carrington Mortgage Services, LLC as servicer for Deutsche Bank National Trust Company as Trustee for the Holders of Vendee Mortgage Trust 2008-1 ("CMS").**  Consists of the unpaid balance due to Bank of America on the following claims which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 197 | $189,229.03 | 1763 Turtle Hill Drive, Cordova, TN 38016 |
| 200 | $82,304.56 | 3798 So. Germantown Road, Memphis, TN 38125 |

39

| | $101,819.18 | 4341 Spring Oak Cove, Memphis, TN |
|---|---|---|
| | $50,681.35 | 4256 Plum Valley Cove, Memphis, TN |
| | $66,571.22 | 3800 Clarion Drive, Memphis, TN |
| | $55,643.25 | 3241 Brevard, Memphis, TN |
| | $62,091.12 | 6756 Boylston, Memphis, TN |
| | $72,405.83 | 5578 Bayshore Drive, Memphis, TN |
| | $141,901.10 | 5280 Summer Wind, Memphis, TN |
| | $66,700.08 | 4315 Appian Drive, Memphis, TN |
| | $38,645.56 | 2160 Fortune Avenue, Memphis, TN |
| | $43,748.92 | 270 Gracewood, Memphis, TN |
| | $38,807.45 | 5703 Winter Tree Drive, Memphis, TN |
| | $75,031.43 | 6848 Starkenburg Lane, Memphis, TN |
| | $59,375.70 | 4944 Chamberlain Lane, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.    The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.    The interest rates shall be modified to 4.5%.

3.    The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.    All other terms of the subject loans shall remain unchanged.

5.    Pursuant to the Court's order dated June 30, 2015, the property located at 4341 Spring Oak has been conveyed to the creditor or its assignee in full satisfaction of the foregoing claim on that property.

6.    Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the

40

outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

7.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

8.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2D is impaired.

**Class 2E:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company, as Trustee for the**

**Holders of The Vendee Mortgage Trust 2003-1 ("CMS").**  Consists of the unpaid balance due to CMS on the following claim which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 199 | $60,832.46 | 1782 Perkins, Memphis, TN 38117 |
|  | $67,870.58 | 5188 Yale Road, Memphis, TN |
| 177-1 | $74,864.92 | 6050 Port Harbor Drive, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.    The claim shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.    The interest rate shall be modified to 4.5%.

3.    The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.    All other terms of the subject loans shall remain unchanged.

5.    Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant

42

prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.    In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.    The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2 E is impaired.

**Class 2F:    Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company f/k/a Bankers Trust Company Of California, National Association, as Trustee, for the Holders of The Vendee Mortgage Trust 2001-2 ("CMS").**    Consists of the unpaid balance due to CMS which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 201 | $54,624.53 | 1346 So. Greer Street, Memphis, TN 38111 |

43

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      The claim are shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.5%.

3.      The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective

44

Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2F is impaired.

**Class 2G:      Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, National Association, as Trustee, for the Holders of the Vendee Mortgage Trust 2001-1 ("CMS").  Consists of the unpaid balance due to CMS which is secured by a duly perfected first priority deed of trust on the real property listed as follows:**

| Claim No. | Claim Amount | Property Address |
|---|---|---|
|  | $ 47,086.12 | 5376 Crystal Oak, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      The claim are shall be deemed to be fully secured without respect to the value of the underlying collateral;

2.      The interest rate shall be modified to 4.5%;

45

3.      The  principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period; and

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide the itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized

statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2G is impaired.

**Class 2H:       Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company f/k/a Bankers Trust Company Of California, National Association, as Trustee, for the Holders of The Vendee Mortgage Trust 1998-2 ("CMS").**   Consists of the unpaid balances due to CMS which are secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
|           | $75,199.24   | 4295 Marshall Road, Atoka, TN |
|           | $63,860.89   | 6628 Crystal Oak Cove, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.       The claim are shall be deemed to be fully secured without respect to the value of the underlying collateral;

2.       The interest rate shall be modified to 4.5%;

3.       The  principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period; and

4.       All other terms of the subject loan shall remain unchanged.

5.       Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant.

47

The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide the itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2H is impaired.

**Class 2I:**        **Prepetition Secured Claim of Carrington Mortgage Services, LLC ("CMS") as servicer for Deutsche Bank National Trust Company f/k/a Bankers Trust**

48

**Company Of California, National Association, as Trustee, for the Holders of The Vendee**

**Mortgage Trust 1994-2 ("CMS").**    Consists of the unpaid balances due to CMS which are

secured by  duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| | $27,910.81 | 4938 Teal Avenue, Memphis, TN |
| | $25,675.85 | 4100 Camelot, Memphis, TN |
| | $23,474.95 | 2970 N. Trezevant, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan

balance shall be restructured and paid as follows:

1.      The claim are shall be deemed to be fully secured without respect to the value of

the underlying collateral;

2.      The interest rate shall be modified to 4.5%;

3.      The  principal loan balance of the loan, as of the Effective Date of the plan, will

be extended and reamortized over a 25-year period; and

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the

claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan

balance, including any late charges, legal fees, arrearages or other charges asserted by claimant.

The loan balance shown on the itemized statement shall be deemed to be the outstanding loan

balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee

below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time

for filing the itemized statement upon good cause shown.  In the event such time is extended, the

Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on

the outstanding balance(s) shown on the last invoice or statement received from the claimant

prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide the itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 2I is impaired.

**Class 3:**      **Prepetition Secured Claim of Bank of Bartlett ("Bank of Bartlett").**

Consists of the unpaid balances due to Bank of Bartlett which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 106 | $96,932.22 | 9330 Barrow Cove, Cordova, TN |
| 107 | $47,746.19 | 3454 Perkins Road, Memphis, TN |
| 108 | $113,109.24 | 2579 Java Drive, Arlington, TN |
| 109 | $51,125.49 | 3671 Boeingshire Drive, Memphis, TN |
| 110 | $122,017.56 | 3913 Long Creek Road, Cordova, TN |
| 111 | $122,017.56 | 1475 Sisken Drive, Cordova, TN |
| 112 | $2,595,100.95 | 4031 Autumn Spring Cove, Memphis TN; |

| | | |
|---|---|---|
| | | 5035 Barkshire Drive, Memphis, TN;<br>4000 N. Bordeaux Creek Cove, Memphis, TN;<br>3726 Graves Road, Memphis, TN<br>1009 Grouse Meadow Drive, Memphis, TN<br>3555 Hanna Drive, Memphis, TN<br>4775 Harvest Park Dr., Memphis, TN<br>4852 Harvest Park Dr., Memphis, TN<br>284 Hope Ave, Memphis, TN<br>8425 King William St., Memphis, TN<br>6745 Lakepoint Circle, Memphis, TN<br>3940 Martindale Ave., Memphis, TN<br>3485 Millington St., Memphis, TN<br>3576 Morning Light Dr., Bartlett, TN<br>4305 Pharoah Rd., Memphis, TN<br>5987 Port Harbor Dr., Millington, TN<br>5999 Port Harbor Dr., Millington, TN<br>4406 Sandy Park Drive, Memphis, TN<br>6071 Selkirk Dr., Memphis, TN<br>5450 Shirlington Ave., Memphis, TN<br>4767 Stoney Hill Drive, Memphis, TN<br>6170 Thrushoaks Cove, Memphis, TN<br>7790 Thunderstone Circle, Memphis, TN<br>3886 Tonya Marie Cove South, Bartlett, TN<br>4686 Tut Cove, Memphis, TN<br>2410 Whitney Ave., Memphis, TN<br>2661 Whitney Rd., Memphis, TN<br>5631 Blocker Street, Southaven, MS<br>3329 Boxdale,  Memphis, TN;<br>7738 Brookbury Cove, Memphis, TN;<br>4621 Chadwell Cove, Millington, TN;<br>6047 Chadwell Road, Millington, TN;<br>4118 Charles Drive, Memphis, TN;<br>4461 Cleopatra Cove North, Memphis, TN;<br>2698 Cotton Ridge Dr., Memphis, TN;<br>5370 Crystal Oak Drive, Memphis, TN;<br>6625 Crystal Oak Cove, East Memphis, TN;<br>6630 Crystal Oak Cove East, Memphis, TN;<br>2438 Dove Glen Dr., Memphis, TN;<br>4635 Ferrin Cove, Millington, TN;<br>4408 Gailwood Ave., Memphis, TN;<br>5279 Gemstone Way, Memphis, TN;<br>2121 Good Haven Dr. ,Memphis, TN |
| 114 | $505,777.02 | 4031 Autumn Spring Cove, Memphis TN;<br>5035 Barkshire Drive, Memphis, TN;<br>4000 N. Bordeaux Creek Cove, Memphis, TN;<br>3726 Graves Road, Memphis, TN<br>1009 Grouse Meadow Drive, Memphis, TN<br>3555 Hanna Drive, Memphis, TN<br>4775 Harvest Park Dr., Memphis, TN<br>4852 Harvest Park Dr., Memphis, TN<br>284 Hope Ave, Memphis, TN |

| | | |
|---|---|---|
| | | 8425 King William St., Memphis, TN |
| | | 6745 Lakepoint Circle, Memphis, TN |
| | | 3940 Martindale Ave., Memphis, TN |
| | | 3485 Millington St., Memphis, TN |
| | | 3576 Morning Light Dr., Bartlett, TN |
| | | 4305 Pharoah Rd., Memphis, TN |
| | | 5987 Port Harbor Dr., Millington, TN |
| | | 5999 Port Harbor Dr., Millington, TN |
| | | 4406 Sandy Park Drive, Memphis, TN |
| | | 6071 Selkirk Dr., Memphis, TN |
| | | 5450 Shirlington Ave., Memphis, TN |
| | | 4767 Stoney Hill Drive, Memphis, TN |
| | | 6170 Thrushoaks Cove, Memphis, TN |
| | | 7790 Thunderstone Circle, Memphis, TN |
| | | 3886 Tonya Marie Cove South, Bartlett, TN |
| | | 4686 Tut Cove, Memphis, TN |
| | | 2410 Whitney Ave., Memphis, TN |
| | | 2661 Whitney Rd., Memphis, TN |
| | | 5631 Blocker Street, Southaven, MS |
| | | 3329 Boxdale, Memphis, TN; |
| | | 7738 Brookbury Cove, Memphis, TN; |
| | | 4621 Chadwell Cove, Millington, TN; |
| | | 6047 Chadwell Road, Millington, TN; |
| | | 4118 Charles Drive, Memphis, TN; |
| | | 4461 Cleopatra Cove North, Memphis, TN; |
| | | 2698 Cotton Ridge Dr., Memphis, TN; |
| | | 5370 Crystal Oak Drive, Memphis, TN; |
| | | 6625 Crystal Oak Cove, East Memphis, TN; |
| | | 6630 Crystal Oak Cove East, Memphis, TN; |
| | | 2438 Dove Glen Dr., Memphis, TN; |
| | | 4635 Ferrin Cove, Millington, TN; |
| | | 4408 Gailwood Ave., Memphis, TN; |
| | | 5279 Gemstone Way, Memphis, TN; |
| | | 2121 Good Haven Dr., Memphis, TN |
| 116 | $588,985.52 | 4031 Autumn Spring Cove, Memphis TN; |
| | | 5035 Barkshire Drive, Memphis, TN; |
| | | 4000 N. Bordeaux Creek Cove, Memphis, TN; |
| | | 3726 Graves Road, Memphis, TN |
| | | 1009 Grouse Meadow Drive, Memphis, TN |
| | | 3555 Hanna Drive, Memphis, TN |
| | | 4775 Harvest Park Dr., Memphis, TN |
| | | 4852 Harvest Park Dr., Memphis, TN |
| | | 284 Hope Ave, Memphis, TN |
| | | 8425 King William St., Memphis, TN |
| | | 6745 Lakepoint Circle, Memphis, TN |
| | | 3940 Martindale Ave., Memphis, TN |
| | | 3485 Millington St., Memphis, TN |
| | | 3576 Morning Light Dr., Bartlett, TN |
| | | 4305 Pharoah Rd., Memphis, TN |
| | | 5987 Port Harbor Dr., Millington, TN |
| | | 5999 Port Harbor Dr., Millington, TN |

| | | |
|---|---|---|
| | | 4406 Sandy Park Drive, Memphis, TN |
| | | 6071 Selkirk Dr., Memphis, TN |
| | | 5450 Shirlington Ave., Memphis, TN |
| | | 4767 Stoney Hill Drive, Memphis, TN |
| | | 6170 Thrushoaks Cove, Memphis, TN |
| | | 7790 Thunderstone Circle, Memphis, TN |
| | | 3886 Tonya Marie Cove South, Bartlett, TN |
| | | 4686 Tut Cove, Memphis, TN |
| | | 2410 Whitney Ave., Memphis, TN |
| | | 2661 Whitney Rd., Memphis, TN |
| | | 5631 Blocker Street, Southaven, MS |
| | | 3329 Boxdale,  Memphis, TN; |
| | | 7738 Brookbury Cove, Memphis, TN; |
| | | 4621 Chadwell Cove, Millington, TN; |
| | | 6047 Chadwell Road, Millington, TN; |
| | | 4118 Charles Drive, Memphis, TN; |
| | | 4461 Cleopatra Cove North, Memphis, TN; |
| | | 2698 Cotton Ridge Dr., Memphis, TN; |
| | | 5370 Crystal Oak Drive, Memphis, TN; |
| | | 6625 Crystal Oak Cove, East Memphis, TN; |
| | | 6630 Crystal Oak Cove East, Memphis, TN; |
| | | 2438 Dove Glen Dr., Memphis, TN; |
| | | 4635 Ferrin Cove, Millington, TN; |
| | | 4408 Gailwood Ave., Memphis, TN; |
| | | 5279 Gemstone Way, Memphis, TN; |
| | | 2121 Good Haven Dr., Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid in accordance with the terms of that certain Consent Order dated December 27, 2011 as follows:

1.     The total outstanding consolidated debt is stipulated to be $3,825,000 and this indebtedness shall be evidenced by a new Promissory Note dated December 15, 2011 with a fixed rate of 4.5% interest amortized on a twenty-five year basis with a five year term. Monthly payments will begin on January 15, 2012 with a monthly payment of approximately $21,260.59.  Absent the occurrence of a prior event of default, the loan shall be renewable for a second five year term with interest at the Wall Street Journal prime rate plus one percentage point.

2.     For potential future release purposes the parties agree that the following

properties shall have the listed individual debt balances as of December 15, 2011:

> 3454 Perkins - $44,750
> 2759 Java - $110,100
> 3671 Boeingshire - $48,125
> 3913 Long Creek - $80,800

In the event the Debtors wish to sell any of the four listed properties, then provided Debtors are current in payments under the New Note, then the agreed payoff balance shall be determined if each individual property remained as a separate loan with a fixed rate of interest at 4.5%, amortized on a 25-year basis, with a 5-year term.  The same condition shall continue in the event the loan is renewed for a second 5-year term as provided herein above.

3.      The Debtors, or their company Affordable Management, LLC, or another agreed entity, will maintain a separate escrow account at the Bank of Bartlett which will receive monthly deposits of property tax payment from tenants at the Collateral Properties.   The Debtors will ensure otherwise that sufficient monthly deposits are made so that funds are accumulated for timely payment of city and county real property taxes.

4.      The Debtors will provide the Bank will proof of quarterly payments for insurance coverage on the Collateral Properties.

5.      Collateral Properties that are vacant more than four consecutive months will be listed for sale but the Debtors have the right to remove the property from the sale market if the Debtors are able to obtain a lease purchase contract before a purchase contract is received.

**Class 4:**        **Prepetition Secured Claim of Cadence Bank, N.A.  ("Cadence").**  Consists of the unpaid balance due to Cadence which is secured by a duly perfected first priority deed of trust and second priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 32 | $149,952.73 | 7477 Logancrest, Memphis, TN (second mtg) 4360 Cloudburst, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      The claim are shall be deemed to be fully secured without respect to the value of the underlying collateral;

2.      The interest rate shall be modified to 4.5%;

3.      The principal loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period with a maturity date of ten (10) years from the Effective Date; and

4.      All other terms of the subject loan shall remain unchanged

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown. In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding

balance shown on the last invoice or statement received from the claimant prior to the Effective

Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the

Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's

itemized statement of the outstanding loan balance to file a motion with the court to dispute the

loan balance asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee

shall make Plan payments based upon the balance(s) reflected on the claimant's disputed

itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may

deduct the overpayment from future payments owed to claimant.

Class 4 is impaired.

**Class 5:        Prepetition Secured Claim of Chase Home Finance LLC ("Chase").**

Consists of the unpaid balances due to Chase which are secured by a duly perfected first

priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 1 | $87,452.91 | 5394 Meadow Cross, Memphis, TN 38141 |
| 8 | $60,913.82 | 3027 Ridgeway, Memphis, TN 38115 |
| 10 | $42,898.36 | 4146 Garden Birch, Memphis, TN 38115 |
| 38 | $61,167.23 | 3322 Ridgeway, Memphis, TN 38115 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan

balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the

underlying collateral.

2.      The interest rate shall be modified to 4.5%.

56

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11

Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 5 is impaired.

**Class 6**:        **Prepetition Claim of DiTech, as Assignee of GMAC Mortgage and Citimortgage ("DiTech").**  Consists of the unpaid balance due to DiTech, as assignee of GMAC Mortgage, LLC and Green Tree Servicing, LLC on claims which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 9 | $61,658.58 | 1256 White Station, Memphis, TN |
| 21 | $112,741.05 | 4993 Graham Lake Drive, Memphis, TN |
| 22 | $53,518.68 | 4927 Parkside, Memphis, TN 38117 |
| 23 | $33,618.69 | 4461 Sunnyslope, Memphis, TN 38141 |
| 19 | $57,299.00 | 6442 Amberview Cove, Memphis, TN 38141 |
| 51 | $97,819.67 | 4861 Allendale Drive, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.        The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.        The interest rate shall be modified to 4.0%.

3.        The principal loan balances of each loan, except as to 4461 Sunnyslope, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period; the current maturity date on the loan secured by 4461 Sunnyslope shall remain in effect.

4.        All other terms of the subject loan shall remain unchanged.

58

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may

deduct the overpayment from future payments owed to claimant.

Class 6 is impaired.

**Class 7:** **Prepetition Secured Claim of Farm Credit Mid-South ("Farm**

**Credit").** Farm Credit filed proof of claim 196 in the amount of $226, 384.56 secured by land

and property located in Marshall County, Mississippi. On April 26, 2013, the Court granted Farm

Credit's Motion for Relief from Stay and for Abandonment of Property. As a result of the order,

the real property was abandoned from the estate and surrendered to Farm Credit.  Farm Credit

shall be deemed to be fully secured and satisfied from the sale of the abandoned properties.  No

further payments shall be made on account of this claim by the estate or pursuant to this Plan.

Class 7 is impaired.

**Class 8:** **Prepetition Secured Claim of Federal National Mortgage Association**

**("FNMA") as Assignee of Chase Mortgage.** Consists of the unpaid balance due to FNMA on

claims which are secured by a duly perfected first priority deeds of trust on the real property

listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 48 | $102,097.96 | 3999 Autumn Springs, Memphis, TN |
| 84 | $99,948.84 | 4014 Autumn Springs, Memphis, TN |
| 45 | $110,977.69 | 5295 Cherokee Rose, Memphis, TN |
| 54 | $93,701.09 | 6315 Farm Hill, Memphis, TN |
| 49 | $95,484.90 | 5371 Farm Ridge, Memphis, TN |
| 47 | $94,948.93 | 6320 Hayfield Lane, W., Memphis, TN |
| 56 | $92,094.75 | 6329 Hayfield Lane, Memphis, TN |
| 55 | $93,701.09 | 6335 Hayfield Lane, Memphis, TN |
| 52 | $110,659.58 | 5987 Hickory Grove, Memphis, TN |
| 44 | $43,628.83 | 5831 Jardin Place, Memphis, TN |
| 8 | $60,913.82 | 3027 Ridgeway, Memphis, TN |

| 38 | $61,167.23 | 3322 Ridgeway, Memphis, TN |
| 53 | $51,141.10 | 6738 Valley Bend, Memphis, TN |
| 57 | $46,510.26 | 1599 Wilson, Memphis, TN |
| 50 | $99,769.98 | 7800 Redfearn Circle South, Memphis, TN 38133 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.5%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

61

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 8 is impaired.

**Class 9:**        **Prepetition Secured Claim of First Alliance Bank ("First Alliance").**
Consists of the unpaid balance due to First Alliance on claims which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 101 | $148,072.01 | 4163 Reed Avenue, Memphis, TN |
| 102 | 120,194.05 | 262 Ericson, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.0%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute

63

the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11

Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed

itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the

mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may

deduct the overpayment from future payments owed to claimant.

Class 9 is impaired.

**Class 10:** **Prepetition Secured Claim of First Bank ("First Bank").**  Consists of

the prepetition unpaid balance due to First Bank in the approximate amount of $3,472,724.27

which was secured by a duly perfected first priority deeds of trust on the real property consisting

of 7000 acres +/- located in Benton and Henry Counties, Tennessee and 748 Highway 51,

Covington, Tennessee. This claim has been satisfied in full through the sale of property in

Benton and Henry Counties. No further payments shall be made on account of this claim by the

estate or pursuant to this Plan.

Class 10 is unimpaired.

**Class 11:** **Prepetition Secured Claim of First Capital ("First Capital").**  Consists

of the unpaid balances due to First Capital which are secured by duly perfected first priority

deeds of trust on the real property listed as follows:

| Claim No. | Loan Balance | Property Address |
|---|---|---|
| | $26,437.48 | 1508 Colonial Road, Memphis, TN |
| | $26,437.48 | 3236 Markely St, Memphis, TN |
| | $26,437.48 | 4969 Millbranch, Memphis, TN |
| | $26,437.48 | 3291 Sandy Springs, Memphis, TN |
| | | 5218 Smith Grove, |
| | | 5236 Smith Grove |

The automatic stay has been previously lifted as to 5218 Smith Grove and 5236 Smith Grove. Said properties have been abandoned by the estate and no further distribution shall be made on such loan by the estate.

The loans on the property located at 1508 Colonial, 3236 Markley, 4969 Millbranch and 3291 Sandy Springs are in the name of Wring Real Estate, LLC. The terms of such loan are not modified by this Plan.

Class 11 is impaired.

**Class 12:**       **Prepetition Secured Claim of First Citizens Bank ("First Citizens").**

Consists of the prepetition unpaid balance due to First Citizens which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 12 | $28.285.85 | 2593 Kate Bond Road |
| 13 | $450,969.68 | 325 Valleybrook Cove, Horn Lake, MS 38637<br>7462 Logan Crest Lane, Memphis, TN 38119<br>3020 Logan Crest Cove, Memphis, TN 38119<br>9465 Bethel Rd., Olive Branch, MS 38654<br>220 Caroline Drive, Walls, MS 38680<br>4210 Brighton Drive, Horn Lake, MS 38637<br>6545 Rosewood, Olive Branch, MS 38654<br>9441 Bethel R., Olive Branch, MS 38654 |
| 14 | $89,907.76 | 4825 Harvest Park |
| 15 | $89,904.76 | 4793 Harvest Park |
| 16 | $89,904.76 | 4881 Harvest Park |
| 17 | $89,909.21 | 4809 Harvest Park |

The foregoing properties have been sold pursuant to Court orders and the claims of First Citizens Bank relating to such properties have been satisfied in full. The claim of First Citizens Bank on the above properties shall be deemed to be fully secured and satisfied from the sale of

the properties. No further distribution shall be made under the Plan on account of loans relating to the foregoing properties.

Class 12 is unimpaired.

**Class 13:      Prepetition Secured Claim of First Community Bank of Eastern AR ("First Community AR").**   Consists of the prepetition unpaid balances due to First Community Bank of Eastern AR which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 149 | $1,005,877.39 | 1,014 acres of farmland located in Forrest City, AR |
| 150 | $302,772.04 | 187 acres of undeveloped residential property |

Pursuant to the terms of those certain Agreed Orders Granting First Community AR's motion for relief from automatic stay [D.E. 771 and 773], the Debtors deeded the collateral securing the claims of First Community AR to the bank in lieu of foreclosure and in satisfaction of the claims. First Community's claims shall be allowed as fully secured claims secured by property which has been deeded to them in satisfaction of their claims. No further distribution shall be made from the estate on account of such claims.

Class 13 is unimpaired.

**Class 14:      Prepetition Secured Claim of First State Bank ("First State").** Consists of the unpaid balances due to First State which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| | | 4935 Battleforest Cove |
| | | 4611 Chadwell |
| | | 5912 Chadwell |

| | | |
|---|---|---|
| | | 5946 Chadwell |
| | | 4309 Cleopatra |
| | | 4347 Cleopatra |
| | | 4377 Cleopatra |
| | | 4421 Cleopatra |
| | | 5354 Farm Ridge |
| | | 4720 Harvest Park |
| | | 26 Hickory Hill |
| | | 5036 Holly Ridge Drive |
| | | 5064 Judy Lynn Drive |
| | | 4687 Lindawood |
| | | 4451 Meadowcliff Drive |
| | | 6994 Oakland Chase |
| | | 3927 Plum Hill Drive |
| | | 1967 Pomona Avenue |
| | | 15 Rainbow Cove |
| | | 4023 Shinault |
| | | 4342 Spring Oak |
| | | 7549 Starfire Cove |

The foregoing properties have been sold pursuant to Court orders and the claims of First State Bank relating to such properties have been satisfied in full. The claim of First State Bank on the above properties shall be deemed to be fully secured and satisfied from the sale of the properties. No further distribution shall be made under the Plan on account of loans relating to the foregoing properties.

Class 14 is unimpaired.

**Class 15:** **Prepetition Secured Claim of First State Bank (Holly Springs)**.

Consists of the unpaid balance due to First State Bank of Holly Springs, MS which is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| | | |

| 134 | $162,288.36 | Land on Beck Spring Road, Hickory Flat, MS |
|---|---|---|

The foregoing property has been sold pursuant to Court orders and the claims of First State Bank (Holly Springs) relating to such property has been satisfied in full. The claim of First State Bank on the above properties shall be deemed to be fully secured and satisfied from the sale of the properties. No further distribution shall be made under the Plan on account of loans relating to the foregoing properties.

Class 15 is unimpaired.

**Class 16:** **Prepetition Secured Claim of Hardin County Bank ("HCB").** Consists of the unpaid balance due to HCB which claim is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 163 | $2,119,274.03 | 183 acres of unimproved real property located in Fayette County, TN<br>945 acres of unimproved real property located in Humphreys County, TN<br>758.3 acres of unimproved real property located in McNairy County, TN<br>Unimproved real property located in Perry County and McNairy County, TN |

Pursuant to prior orders of the Court, the automatic stay was lifted with respect to the foregoing property and HCB agreed to waive any deficiency claim. The claim of HCB shall be allowed as a fully secured claim secured by property abandoned from the estate and shall not be entitled to any further distribution from the estate.

Class 16 is unimpaired.

**Class 17:** **Prepetition Secured Claim of JP Morgan Chase Bank, N.A. ("JP Morgan") as Servicing Agent for one or more Mortgage Trusts.** Consists of the unpaid

balances due to JP Morgan, as servicing agent, which are secured by duly perfected first priority

deeds of trust on the parcels of real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 53 | $51,141.10 | 6738 Valley Bend, Memphis, TN |
| 59 | $48,120.69 | 5969 Whisper Valley, Memphis, TN 38141 |
| 84 | $99,948.84 | 4014 Autumn Springs Cove, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan

balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the

underlying collateral.

2.      The interest rate shall be modified to 4.0%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will

be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged

5.      Between entry of the order confirming the Plan and the Effective Date, the

claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan

balance(s), including any late charges, legal fees, arrearages or other charges asserted by

claimant.   The loan balance(s) shown on the itemized statement shall be deemed to be the

outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the

Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court

may extend the time for filing the itemized statement upon good cause shown.  In the event such

time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the

Effective Date based on the outstanding balance(s) shown on the last invoice or statement

received from the claimant prior to the Effective Date.  In the event a subsequently produced

itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.    In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.    The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 17 is impaired.

**Class 18:**    **Prepetition Secured Claim of Memphis Area Teachers Credit Union ("MATCU").**  Consists of the unpaid balances due to MATCU which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
| --- | --- | --- |
| | $1,621,050.00 | 3046 Brookdale |
| | | |
| | | 6538 Baybrook |
| | | 5876 Hamlet |
| | | 1579 Hester |
| | | 8875 Hidden Springs |
| | | 7253 Ashley Oaks |
| | | 4906 Bluewing |

70

|  |  | 1767 Oakwood |
|  |  | 3837 Pattie Ann |
|  |  | 3558 Regency Park |
|  |  | 156 Rhonda Circle East |
|  |  | 4823 Rickard Road |
|  |  | 5764 Saranac |
|  |  | 5369 Scottsdale |
|  |  | 4062 E. Whitehaven |
|  |  | 1657 Winfield |
|  |  | 6538 Baybrook Lane |
|  |  | 1027 McEvers |
|  |  | 4262 Plum Valley Cove |
|  |  | 655 Riverside Drive, Unit 1204 |
|  |  | 655 Riverside Drive, Unit 1006A |

Pursuant to prior orders of the Court entered on April 16, 2010, the automatic stay was lifted to permit MATCU to foreclose on the above referenced properties which are deemed abandoned from the bankruptcy estate. The claim of MATCU shall be allowed as a fully secured claim secured by property abandoned from the estate and shall not be entitled to any further distribution from the estate.

Class 18 is impaired.

**Class 19:**      **Prepetition Secured Claim of NationStar Mortgage ("NationStar").**

Consists of the unpaid balance due to NationStar which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 5-2 | $121,395.62 | 4843 Buttermilk Drive, Memphis, TN |
| 25-1 | $47,308.11 | 1717 Homedale, Memphis, TN |
| 26-1 | $52,753.56 | 4162 Camelot Ave., Memphis, TN |
| 27-2 | $57,435.02 | 3006 Hunters Way, Memphis, TN |
| 28-2 | $39,275.80 | 1361 Gherald, Memphis, TN |
| 29-2 | $91,373.76 | 5983 Michaelson, Olive Branch, MS |

The Prepetition Claims of NationStar were modified by consensual post-petition modification agreements entered into effective as of November 1, 2010. Pursuant to the modifications the loan interest rates were reduced and maturity dates modified (if applicable) as set forth in the modification agreements. NationStar's prepetition claims shall be allowed as modified by the post-petition modification agreements.

Class 19 is impaired.

**Class 20:** **Prepetition Secured Claim of Patriot Bank ("Patriot Bank").** Consists of the unpaid balance due to Patriot Bank in the approximate amount of $284,000 which is secured by a duly perfected first priority deed of trust on the real property consisting of approximately 298.7 +/- acres of land in Whiteville, Tennessee. The foregoing property has been sold pursuant to Court orders and the claim of Patriot Bank relating to such property has been satisfied in full. The claim of Patriot Bank on the above property shall be deemed to be fully secured and satisfied from the sale of the property. No further distribution shall be made under the Plan on account of loans relating to the foregoing property.

Class 20 is unimpaired.

**Class 21:** **Prepetition Secured Claim of PNC Mortgage, N.A. ("PNC").** Consists of the unpaid balance due to PNC which is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 20-1 | $56,889.40 | 321 Oakland Drive, Lawrenceville, Georgia |

The foregoing property has been sold pursuant to Court order . The claim of PNC on the above property shall be deemed to be fully secured and satisfied from the sale of the property.

No further distribution shall be made under the Plan on account of loans relating to the foregoing property.

Class 21 is unimpaired.

**Class 22:** **Prepetition Secured Claim of Regions Bank ("Regions").** Consists of the unpaid balances due to Regions which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 92-1 | $108,700 | 3992 Shinault, Memphis, TN |
| 93-1 | $82,378.82 | 6286 Hayfield Lane West, Memphis, TN |
| 94-1 | $59,888.57 | 5360 Farm Ridge Dr. Memphis, TN |
| 95-1 | $117,696.00 | 4011 Shinault, Memphis, TN |
| 96-1 | $103,500.00 | 4058 Bordeaux Creek South, Memphis, TN |
| 97-2 | $93,639.00 | 6274 Hayfield Lane West, Memphis, TN |
| 98-1 | $116,400.00 | 4921 Noel Mission Drive, Memphis, TN |
| 99-1 | $84,545.00 | 6301 Harvest Run, Memphis, TN |
| 100-1 | $81,785.00 | 6281 Harvest Run, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1. The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2. The interest rate shall be modified to 4.0%.

3. The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4. All other terms of the subject loan shall remain unchanged

5. Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by

73

claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Claim 22 is impaired.

74

**Class 23:**     **Prepetition Claim of RJ Real Estate Holdings, GP as Assignee of Regions Bank Holdings** Consists of the unpaid balances due to RJ Real Estate Holdings, L.P. which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 89-1 | $2,136,468.92 | 6669 Chesapeake Drive, Memphis, TN<br>4555 Cognac Drive, Memphis, TN<br>4539 Fawn Hollow Circle W., Memphis, TN<br>4537 Windward Drive, Memphis, TN<br>4652 Kassell Road, Memphis, TN<br>4305 Mickey Drive, Memphis, TN<br>1268 Scottsdale Ave., Memphis, TN<br>3367 Robins Roost Drive, Bartlett, TN<br>6690 Reindeer Avenue, Memphis, TN<br>7651 Carter Creek Cove, Memphis, TN<br>6359 Thornfield Dr. Memphis, TN<br>2683 Cotton Ridge, Memphis, TN<br>4543 Sunnyslope Dr., Memphis, TN<br>4315 Auburn Road, Memphis, TN<br>6545 Fern Creek Drive, Memphis, TN<br>2974 Tamerlane Lane, Germantown, TN<br>6332 Solway Drive, Memphis, TN<br>7515 Val Marie Lane, Memphis, TN<br>5446 Maple Ridge Road, Memphis, TN<br>1886 Cornelia Lane, Memphis, TN<br>6301 Acorn Drive, Memphis, TN<br>4845 Callaway Hills Drive, Memphis, TN<br>6458 Amberwood Drive, Memphis, TN 38141<br>5430 Newberry Avenue, Memphis, TN<br>4915 Bronze Drive, Memphis, TN<br>Ray Bluff Road |
| 90-1 | $1,938,175.92 | Lot 23, Eason Hills S.D.<br>Lot 93, Ragan Farms S.D.<br>Lot 3, Harvest Knoll S.D.<br>Lot 103, Callaway Hills, S.D.<br>Lot 9, Harvest Knoll S.D.<br>Lot 206, Raleigh North S.D.<br>Lot 91, Hickory Grove, P.D.<br>Lot 41, Cross Creek S.D.<br>Lot 256, Parkway Village S.D.<br>Lot 120, Cottonwood S.D.<br>Lot 18, Thrifthaven S.D.<br>Lot 3, Hines Re-subdivision<br>Lot 7, Lynchburg Park Subdivision |

| | | |
|---|---|---|
| | | Lot 72, Mendenair S.D. |
| | | Lot 141, Willowdale S.D. |
| | | Lot 99, Ridgeway Estates W. S.D. |
| | | Lot 231, Poplar Estates S.D. |
| | | Lot 68 Birch Run S.D. |
| | | Lot 78 Goodman Bros. Colonial Heights S.D. |
| | | Lot 239, Raleigh North S.D. |
| | | Lot 113, Shelby Terrace S.D. |
| | | Lot 7 Martin West S.D. |
| | | Lot 53 Vaughn Village S.D. |
| | | Lot 83 and Part of lot 82 Germantown Trails S.D. |
| | | Lot 5 Whitehaven Gardens S.D. |
| | | Lot 63, Cottonwood Park S.D. |
| | | Lot 283 Ridgeway Estates S.D. |
| | | 1366 Abernathy Ave. , Memphis, TN |
| | | 1517 Brookside Dr. Memphis, TN |
| | | 6349 Hayfield Cove, Memphis, TN |
| | | 6589 Birch Run Lane, Memphis, TN |
| | | 7446 Hollyview Dr. Memphis, TN |
| | | 3539 Douglass Avenue, Memphis, TN |
| | | 7679 Mineral Crest Cir. S. Memphis, TN |
| | | 1083 Isabelle Street, Memphis, TN |
| | | 4965 Ultima Cove, Memphis, TN |
| | | 4123 Owen Road, Memphis, TN |
| | | 4242 Hickory Grove Drive, Memphis, TN |
| | | 5049 Pear Tree Cove, Memphis, TN |
| | | 4832 Bridgedale, Memphis, TN |
| | | 1407 Finley, Memphis, TN |
| | | 2890 Cherry Rd,, Memphis, TN |
| | | 5080 Judy Lynn Ave. Memphis, TN |
| | | 1647 Hartland St. Memphis, TN |
| | | 4126 Berrybrook Road, Memphis, TN |
| | | 4013 Martindale Ave., Memphis, TN |
| | | 1230 Creek Edge Cove, Memphis, TN |
| | | 3228 Cookie Cove, Memphis, TN |
| | | 5886 Willow Springs Cove, TN |
| | | 1878 Capri St, Memphis, TN |
| | | 5872 Garden Ridge, Millington, TN |
| | | 5811 Jardin Place, Memphis, TN 38141 |
| | | 6314 Leamont, Millington, TN 38053 |
| | | 360 acres farmland, Mt. Gillian, Holly Springs, MS |
| 91-1 | $333,880.77 | 199.501 acre tract, Marshall County, MS |
| | | 106.186 acre tract, Marshall County, MS |
| | | 41.72 acre tract, Marshall County, MS |

Pursuant to prior orders of the Court entered on June 3, 2010, the automatic stay was

lifted to permit Regions Bank to foreclose on the above referenced properties which are deemed

abandoned from the bankruptcy estate. Subsequent to entry of the order, Regions Bank assigned its loans to RJ Holdings, GP. The Debtors entered into an agreement to allow transfer the foregoing properties to RJ Holdings, GP in lieu of foreclosure and in satisfaction of the debt owed against these properties.  The claim of RJ Holdings, as assignee of Regions, shall be allowed as a fully secured claim secured by property abandoned from the estate and shall not be entitled to any further distribution from the estate.

Class 23 is unimpaired.

**Class 24:** **Prepetition Secured Claim of R.J. Real Estate Holdings, G.P., as Assignee of First Tennessee Bank**.  Consists of the unpaid balance due to R.J. Real Estate Holdings, G.P. ("RJ Holdings") on claims which are secured by a duly perfected first priority deeds of trust on the real property listed as follows but excluding real property located at 4812 Mendenhall S. Memphis, Tennessee and excluding an amounts in the referenced proof of claim relating to swap loan balances;

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 104-1 | $6,070,586.22 | 8057 Abington Woods, Arlington, TN; <br> 4563 Appleville, Memphis, TN; <br> 5005 Ashland Grove, Arlington, TN; <br> 5070 Ashland Grove, Arlington, TN <br> 7361 Ashley Oaks, Memphis, TN <br> 4004 Auburn, Memphis, TN <br> 9330 Barrow, Cordova, TN <br> 9347 Barrow, Cordova, TN <br> 3188 Belle Tower, Memphis, TN <br> 4154 Bishops Bridge, Memphis, TN] <br> 7857 Brad Forest, Memphis, TN <br> 7616 Breezewood, Memphis, TN <br> 1518 Briar Cove, Memphis, TN <br> 9402 Brightstock Cove, Cordova, TN <br> 8015 Calefalls, Arlington, TN <br> 8016 Calefalls, Arlington, TN <br> 3933 Charles Drive, Memphis, TN <br> 6457 Copper Valley Drive S., Memphis, TN <br> 5020 Crab Orchard Cove, Memphis, TN <br> 1304 Crossmont Cove, Cordova, TN |

| | | 7316 Eggleston, Memphis, TN |
| --- | --- | --- |
| | | 6088 Elk Grove, Memphis, TN |
| | | 6283 Farm Hill Drive, Memphis, TN |
| | | 5347 Farm Ridge, Memphis, TN |
| | | 5353 Farm Ridge, Memphis, TN |
| | | 5372 Farm Ridge, Memphis, TN |
| | | 3790 Fern Creek, Memphis, TN |
| | | 3307 Frayser View Drive, Memphis, TN |
| | | 3181 Freeman Cove, Bartlett, TN |
| | | 4790 Harvest Park Drive, Memphis, TN |
| | | 4801 Harvest Park, Memphis, TN |
| | | 4873 Harvest Park, Memphis, TN |
| | | 8941 Hickory Trail, Memphis, TN |
| | | 52576 Jordan Drive, Memphis, TN |
| | | 4211 Landsdowne Drive, Memphis, TN |
| | | 3881 Long Creek Road, Memphis, TN |
| | | 4017 Long Creek Road, Memphis, TN |
| | | 1023 Lydegate, Memphis, TN |
| | | 3522 Madewell Drive, Memphis, TN |
| | | 5300 Marissa Cove, Memphis, TN |
| | | 7952 Meadow Vale Drive, Memphis, TN |
| | | 3570 Monessen, Memphis, TN |
| | | 2391 Morning Vista Drive, Memphis, TN |
| | | 6900 North Knoll, Memphis TN |
| | | 3830 Old Germantown, Memphis, TN |
| | | 2092 Oliver, Memphis, TN |
| | | 5996 Parktree, Memphis, TN |
| | | 1337 Perkins. S. Memphis, TN |
| | | 3923 Powder Mill Road, Memphis, TN |
| | | 4456 Quince, Memphis, TN 38117 |
| | | 1651 Red Barn, Cordova, TN |
| | | 4267 Renners, Memphis, TN |
| | | 2359 Ridgeway, Memphis, TN |
| | | 5524 Riverdale Road, Memphis, TN |
| | | 1309 Rosecliff, Memphis, TN |
| | | 5979 Seminary Drive, Memphis, TN |
| | | 7003 Shadow Oaks, Memphis, TN |
| | | 6651 Shaker Lane, Memphis, TN |
| | | 6781 Shoreline, Memphis, TN |
| | | 2909 Signal, Memphis, TN |
| | | 2627 Sleepy Bend Cove, Memphis, TN |
| | | 3098 Teaberry Lane, Bartlett, TN |
| | | 4592 Tracy Lynn Drive, Memphis, TN |
| | | 7317 Tranquil Creek, Memphis, TN |
| | | 6534 Valley Oak Drive, Memphis, TN |
| | | 4651 Vescovi Lane, Memphis, TN |
| | | 1021 White Station, Memphis, TN |
| | | 3905 Wildleaf Drive, Memphis, TN |
| | | 1581 Wilson, Memphis, TN |
| | | 5063 Winberry, Arlington, TN |
| | | 5101 Winberry, Arlington, TN |

|  |  | 7218 Woodshire, Memphis, TN<br><br>Tipton County:<br>511 Burkhart Road, Drummond, TN<br>99 Sassafras Circle, Mumford, TN<br><br>DeSoto County:<br>5619 Blocker, Olive Branch, MS<br>5643 Blocker, Olive Branch, MS<br> 6910 Branch, Olive Branch, MS<br>9922 Maury Cove, Olive Branch, MS<br>10575 Riggan Drive, Olive Branch, MS<br><br>3188 Bell Tower |

Pursuant to prior orders of the Court entered on April 22, 2011, the automatic stay was lifted to permit First Tennessee Bank to foreclose on the above referenced properties, which are deemed abandoned from the bankruptcy estate. Subsequent to entry of the order, First Tennessee Bank assigned its loans secured by the foregoing properties, exclusive of 4812 Mendenhall Road, South, Memphis, Tennessee to RJ Holdings, GP. The Chapter 11 Trustee entered into an agreement to allow transfer the foregoing properties to RJ Holdings in lieu of foreclosure and in satisfaction of the debt owed against these properties, except as to 5524 Riverdale Road, Memphis, Tennessee, 7316 Eggleston, 6900 N. Knoll, and 1021 White Station which properties were retained by the estate with their respective mortgage loan balances. The claims of RJ Holdings with respect to 7316 Eggleston, 6900 N. Knoll and 1021 White Station have been satisfied in full through sale of the property and/or in the ordinary course of business.  The claim of RJ Holdings, as assignee of Regions, shall be allowed as a fully secured claim secured by property abandoned from the estate and shall not be entitled to any further distribution from the estate, except as with respect to 5524 Riverdale Road, Memphis, Tennessee. The current loan with respect to 5524 Riverdale Road shall be modified to extend the maturity date of the current

promissory note and deed of trust by 60 months. All other terms of the promissory note and deed of trust shall remain the same.

Class 24 is impaired.

**Class 25:     Prepetition Secured Claim of Security Bank and Trust Co. ("Security Bank").**  Consists of the unpaid prepetition balance due to Security Bank which is secured by a duly perfected first priority deed of trust on approximately 103 acres of land in Weakley County, Tennessee. The foregoing property has been sold pursuant to Court order and the claim of Security Bank relating to such property has been satisfied in full. The claim of Security Bank on the above property shall be deemed to be fully secured and satisfied from the sale of the property. No further distribution shall be made under the Plan on account of loans relating to the foregoing property.

Class 25 is unimpaired.

**Class 26:     Prepetition Secured Claim of Rushmore Loan Management Services, LLC as Assignee of  Wells Fargo, N.A., MTGLO and BAC Home Loan ("Rushmore")** Consists of the unpaid balance due to Rushmore which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|-------------|------------------|
| 87-1 | $96,905.54 | 5331 Farmridge Drive, Memphis, TN |
| | | |
| 41 | $49,617.88 | 4445 Cleopatra, Memphis, TN 38128 |
| 42 | $45,553.65 | 5934 Whisper Valley, Memphis, TN 38141 |
| 58 | $57,316.91 | 4695 Lindawood, Memphis, TN |
| 63 | $44,271.28 | 1001 Bonnie, Memphis, TN 38122 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.0%.

3.      The principal loan balances of the loan on Claim 87-1, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period; and the term of the principal loan balance on Claim 184-1 shall remain on its amortization term.

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to

the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.     The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 26 is impaired.

**Class 27:        Prepetition Secured Claim of Select Portfolio as Servicer for Long Beach Mortgage Loan Trust 2005-1.**   Consists of the unpaid balances due to Select Portfolio which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 67 | $118,387.19 | 7460 Midnight Cove, Memphis, TN 38125 |
| 68 | $60,309.42 | 5325 Albermarle Drive, Memphis, TN 38135 |
| 69 | $105,929.98 | 4746 Harvest Park Drive, Memphis, TN 38125 |
| 70 | $98,510.52 | 7605 Fox Bridge Cove, Memphis, TN 38125 |
| 71 | $83,476.03 | 4390 Angarath Drive, Memphis, TN |
| 72 | $126,497.69 | 8072 Abington Woods Ave., Arlington, TN |
| 73 | $68,187.52 | 4940 Battle Forest Cove, Memphis, TN |
| 74 | $121,956.77 | 7670 Callaway Hills Cove, Memphis, TN |
| 75 | $87,790.90 | 4437 Cleopatra Drive, Memphis, TN |
| 76 | $74,472.10 | 6323 Hayfield Lane, Memphis, TN |
| 77 | $60,777.80 | 5961 Port Harbor Drive, Millington, TN |
| 78 | $60,777.80 | 4677 Lindawood Lane, Memphis, TN |
| 79 | $146,647.40 | 5060 Ashland Grove Street, Arlington, TN |
| 80 | $66,030.40 | 4313 Cleopatra Cove South, Memphis, TN |
| 81 | $98,811.80 | 4017 Shinault Lane, Memphis, TN |
| 82 | $58,386.52 | 3697 White Birch Drive, Memphis, TN |
| 83 | $77,285.80 | 3816 Sungrove Circle E, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.      The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.      The interest rate shall be modified to 4.0%.

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.      All other terms of the subject loan shall remain unchanged

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to

the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.    The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Claim 27 is impaired.

**Class 28:       Prepetition Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo Bank").**  Consists of the unpaid balances due to Wells Fargo Bank which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 35-1 | $30,732.48 | 3769 Deer Forest Drive, Memphis, TN |
| 36-1 | $37,567.18 | 7139 Tulip Trail Drive, Memphis, TN |
| 37-1 | $33,827.03 | 7272 Eggleston Road, Memphis, TN |
| 62-1 | $34,274.76 | 7272 Eggleston Road, Memphis, TN |
| 65-1 | $34,102.09 | 4769 Stoney Hill Drive, Memphis, TN |
| 66-1 | $30,069.70 | 1167 Greenview Road, Collierville, TN |
| 85-1 | $41,565.10 | 6606 Mistletoe Cove, Memphis, TN |
| 105-1 | $38,277.35 | 4931 Gadwall Drive, West, Memphis, TN |
| 133-1 | $44,668.56 | 5277 Lilly Woods Cove, Memphis, TN |
| 139-1 | $32,832.27 | 3065 Pine Allee Cove, Memphis, TN |
| 140-1 | $11,887.78 | 6088 Elk Grove, Memphis, TN |
| 141-1 | $18,939.16 | 3617 Voltaire Avenue, Memphis, TN |
| 142-1 | $19,362.43 | 3924 Pikes Peak, Memphis, TN |
| 143-1 | $30,952.53 | 5764 French Market Circle North, Memphis, TN |
| 144-1 | $27,205.35 | 2185 Longlane Drive, Memphis, TN |
| 145-1 | $22,310.49 | 4335 Owen Road, Memphis, TN |
| 146-1 | $30,268.24 | 7351 Isherwood Road, Memphis, TN |

| 147-1 | $21,785.02 | 4052 Rhodes Avenue, Memphis, TN |
| 148-2 | $29,579.32 | 4483 Helene Road, Memphis, TN |
| 151-1 | $21,785.02 | 4052 Rhodes, Memphis, TN |
| 168-1 | $21,427.64 | 3216 Chisca Avenue, Memphis, TN |
| 170-1 | $32,316.45 | 7315 Newling Lane, Memphis, TN |
| 185-1 | $29,589.08 | 6551 Oak Park Drive, Memphis, TN |
| 186-1 | $39,771.13 | 703 Walnut Woods Cove South, Memphis, TN |
| 187-1 | $31,3844.90 | 4029 Longneck Avenue, Memphis, TN |
| 188-1 | $29,589.08 | 6551 Oak Park Drive, Memphis, TN |
| 189-1 | $31,384.90 | 4029 Longneck Avenue, Memphis, TN |
| 190-1 | $39,771.13 | 703 Walnut Woods Cove, Memphis, TN |
| 195-1 | $41,166.82 | 6594 Pine Top Circle North, Memphis, TN |
| 198-1 | $31,775.15 | 7389 Doncaster Lane, Memphis, TN |
| 202-1 | $36,027.71 | 6131 Valleydale Drive, Memphis, TN |
| | | 7280 Eggleston, Memphis, TN |

All of the foregoing properties were sold by the Trustee pursuant to court orders and the mortgages claims satisfied, with the exception of the property located at 4052 Rhodes. Wells Fargo shall have an allowed secured claim in the amount of $21,785.02. Upon the Effective Date, the Chapter 7 Trustee shall convey the property located 4052 Rhodes to Wells Fargo in satisfaction of its secured claim.

Class 28 is impaired.

**Class 29:**       **Prepetition Secured Claim of Selene Finance LP, Servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for BCAT 2015-13BTT, as Assignee of Wells Fargo Bank, N.A**. Consists of the unpaid balance due to Selene Finance, L.P. which is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|-----------|--------------|------------------|
| 136-1 | $99,613.55 | 4015 Autumn Springs, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.     The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.     The interest rate shall be modified to 4.0%.

3.     The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4.     All other terms of the subject loan shall remain unchanged.

5.     Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance, including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance shown on the itemized statement shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6.     In the event claimant fails to provide an itemized statement of the outstanding loan balance prior to the Effective Date, or such other deadline set by the Court, the outstanding balance shown on the last invoice or statement received from the claimant prior to the Effective

Date shall be deemed to be the outstanding loan balance owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance to file a motion with the court to dispute the loan balance asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 29 is impaired.

**Class 30:       Prepetition Secured Claim of Shellpoint Mortgage Servicing, Servicer for JP Morgan Chase and CMS Home Loans Servicing as Agent for Bank of America**. Consists of the unpaid balance due to Shellpoint Mortgage Servicing as agent for JP Morgan Chase and CMS Home Loans Servicing as Agent for Bank of America, . which is secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 39 | $56,889.40 | 6537 Imperial Oaks Cv., Memphis, TN 38115 |
| 40 | $54,537.26 | 4631 Paula, Memphis, TN 38116 |
| 42 | $45,553.65 | 5934 Whisper Valley, Memphis, TN 38141 |
| 43 | $67,470.61 | 4135 GlenRoy, Memphis, TN 38125 |
| 46 | $51,970.13 | 4454 Hancock, Memphis, TN 38116 |
| 60 | $46,196.00 | 4411 Crescent Park, Memphis, TN 38141 |
| 88 | $50,472.82 | 4324 Duncan Road, Millington, TN |
| 184 | $36,235.56 | 5049 Simsbury, Memphis, TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

87

1.      The claims shall be deemed to be fully secured without respect to the value of the underlying collateral;

2.      The interest rate shall be modified to 4.5%.

3.      The  principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period except as to 5049 Simsbury.

4.      The principal loan balance as to 5049 Simsbury shall be paid in accordance with the current amortization schedule provided in the loan documents with any pre-petition or post-petition arrearages to be due and payable at maturity.

5.      All other terms of the subject loan shall remain unchanged.

6.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant.  The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

7.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the

outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

8.    The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.   Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.   In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 30 is impaired.

**Class 31:**        **Prepetition Secured Claim of Taxing Authorities. Consists of the Claims of the Shelby County Trustee and the City of Memphis.**   Consists of the following prepetition and post-petition claims filed by the City of Memphis and the Shelby County Trustee:

| Claim No. | Claim Amount | Claimant |
|-----------|--------------|----------|
| 4-5 | $110,131.01 | City of Memphis |
| 191-2 | $59,863.66 | City of Memphis |
| 18-1 | $624,851.12 | Shelby County Trustee |
| 191-2 | $845,839.46 | Shelby County Trustee |

The foregoing claims have been paid in full pursuant to court orders or in the normal course of the estate's post-petition operations. The claims have been voluntarily withdrawn and are not entitled to further distribution on account of such claims.

Class 31 is unimpaired.

89

**Class 32:** **Prepetition Secured Claim of Ford Motor Credit Company.** Consists of the claim of Ford Motor Credit secured by a lien on a 2007 Ford Explorer vehicle.

| Claim No. | Claim Amount | Property |
|-----------|--------------|----------|
| 7-1 | $9,817.88 | 2007 Ford Explorer |

The prepetition claim of Ford Motor Credit has been paid in full during the course of the case. Pursuant to court order, the claim of Ford Motor Credit is not entitled to further distribution from the estate.

Class 32 is unimpaired.

**Class 33:** **Prepetition Secured Claim of Toyota Motor Credit Corporation.** Consists of the claim of Toyota Motor Credit secured by a lien on a 2005 Toyota Scion motor vehicle.

| Claim No. | Claim Amount | Property |
|-----------|--------------|----------|
| 31-2 | $736.47 | 2005 Toyota Scion |

Pursuant to order of the Court, the claim of Toyota Motor Credit Corporation shall be allowed as a secured claim in the amount of $374.23.

Class 33 is unimpaired.

**Class 34:** **Secured Claim of M&T Bank ("M&T"), as Assignee of Chase Home Finance.** Consists of the unpaid balance due to M&T, as assignee of Chase Home Finance, which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property |
|-----------|--------------|----------|
| 64 | $61,167.23 | 7477 Logan Crest, Memphis, TN 38119 |

90

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.      The claim shall be deemed to be fully secured without respect to the value of the underlying collateral;

2.      The interest rate shall be modified to 4.0%;

3.      The principal loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period; and

4.      All other terms of the subject loan shall remain unchanged.

5.      Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.

6.      In the event claimant fails to provide the itemized statement of the outstanding loan balance(s) prior to the Effective Date, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.

Class 34 is impaired.

**Class 35:**      **Unsecured Claims of Creditors Not Entitled to Priority Under the**

**Code.**  Allowed Unsecured Non-priority Claims are not secured by property of the estate and are

not entitled to priority under § 507(a) of the Code.  The estimated percent to be paid to holders of

allowed unsecured non-priority claims is 100%.  Unsecured claims will be paid an interim

distribution in the aggregate amount of not less than $1,500,000 within 180 days after the

Effective Date.  The Chapter 11 Trustee shall make a second distribution to allowed unsecured

claims not later than 12 months after the Effective Date based on the amount of cash available in

the estate after reserving for prepetition and post-petition administrative claim, post-petition

taxes and working capital. The balance, if any, of allowed Class 35 claims remaining after the

second distribution shall receive prorata quarterly distributions from the Debtors' net disposable

income  commencing on the first day of the first full calendar quarter immediately following the

Second Distribution until such claims are paid in   full  The total allowed unsecured claims are

estimated to be approximately $2, 433,994.61.

Class 35 is impaired.

**Class 36:**      **Interests of the Debtors.**  Consists of the interests of the Debtors in all

property of the estate. All property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. §§

541 and 1115 shall not vest in the Debtors upon confirmation pursuant to 11 U.S.C. § 1141(b).

It shall remain property of the Debtors' Chapter 11 bankruptcy estate and shall be further

administered by the Trustee as provided in and as necessary to effectuate the plan of

reorganization.  The Trustee shall remain in possession of the estate.  The property of the

bankruptcy estate shall only re-vest in the reorganized Debtors' upon the earlier of (i) all Class

35 general unsecured non-priority claims are paid in full and the Chapter 11 Trustee has been

terminated and relieved of further obligation by order of the Court or (ii) once the estate has been

fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, and

a final decree closing the case is entered by this Court upon motion of the Trustee, or such other

party as the Court shall designate in the Plan confirmation order.  Upon revesting, property of the

estate shall vest in the Debtors in accordance with the terms of their final decree of divorce.

The Final Decree of Divorce between the Debtors provides that (a) all real property owned by

the Reorganized Debtors (whether titled jointly or separately) shall be conveyed to Affordable

Management, LLC, with the exception of the residence located at 5525 Riverdale Road,

Memphis, Tennessee, 38141, which will be titled solely in the name of Aubrey Bruce Wring and

the home at 5323 Smith Grove Road, Holly Springs, Mississippi 38635, which will be titled

solely in the name of Virginia Ann Wring, (b) the Reorganized Debtors' interests in Affordable

Land Sales, LLC, Affordable Management, LLC, Wring Family Trust, Wring Family Revocable

Trust, Wring Real Estate, LLC shall vest in Virginia Ann Wring, (c) all vehicles titled in

Virginia Ann Wring's name and the contents of the 5323 Smith Grove residence shall vest in

Ms. Wring, (d) Mr. Wring's interest in the Wring Family Trust and Wring Family Revocable

Trust shall vest in Mrs. Wring and Mr. Wring shall have no rights as either Grantor or Trustee of

said trusts and (e) Mr. Wring shall have all vehicles titled in his name, and the contents of the

residence at 5525 Riverdale. The provisions of the Final Decree of Divorce are subject and

without prejudice to the right of the Chapter 11 Trustee to liquidate any non-exempt property of

the estate prior to revestment in the Reorganized Debtors.

Upon revestment of property of the estate in Ms. Wring, the business and assets which

revest in Ms. Wring shall be managed by Affordable Management, LLC or such other

management company as she may elect.

# ARTICLE V

# IMPLEMENTATION OF PLAN

**5.01    Means for Implementation of Plan.** The Plan shall be implemented through the operation of the Debtors' business and the liquidation of assets.   The Trustee has previously liquidated various properties owned by the estate pursuant to Court orders.   The Trustee, in the exercise of his business judgment, intends to continue operating any remaining rental properties which are not sold and which is producing net business revenue, after management fees and allowed reasonable and necessary living expenses of the Debtors, to the Debtors' estate. The Trustee shall retain the right to sell and liquidate any property of the estate in his business judgement in order to satisfy the payments to creditors under the Plan.

**5.02    Post-Confirmation Management of the Reorganized Debtors**

The Chapter 11 Trustee shall continue to oversee the management of the Reorganized Debtors' business and property of the estate until such time as the Chapter 11 trustee has been terminated pursuant to the terms of the Plan. The Chapter 11 Trustee shall utilize the services of Affordable Management, LLC as property manager, provided, however, that the Chapter 11 Trustee shall retain the authority to change management companies in his business judgement.

Upon termination of the Chapter 11 Trustee's services, property of the estate shall revest in the Reorganized Debtors pursuant to 11 U.S.C. § 1141. The Final Decree of Divorce between the Debtors provides that (a) all real property owned by the Reorganized Debtors (whether titled jointly or separately) shall be conveyed to Affordable Management, LLC, with the exception of the residence located at 5525 Riverdale Road, Memphis, Tennessee, 38141, which will be titled solely in the name of Aubrey Bruce Wring and the home at 5323 Smith Grove Road, Holly Springs, Mississippi 38635, which will be titled solely in the name of Virginia Ann Wring, (b)

94

the Reorganized Debtors' interests in Affordable Land Sales, LLC, Affordable Management, LLC, Wring Family Trust, Wring Family Revocable Trust, Wring Real Estate, LLC shall vest in Virginia Ann Wring, (c) all vehicles titled in Virginia Ann Wring's name and the contents of the 5323 Smith Grove residence shall vest in Ms. Wring, (d) Mr. Wring's interest in the Wring Family Trust and Wring Family Revocable Trust shall vest in Mrs. Wring and Mr. Wring shall have no rights as either Grantor or Trustee of said trusts and (e) Mr. Wring shall have all vehicles titled in his name, and the contents of the residence at 5525 Riverdale. The provisions of the Final Decree of Divorce are subject and without prejudice to liquidate any non-exempt property of the estate prior to revestment in the Reorganized Debtors.

Upon revestment of property of the estate in Ms. Wring, the business and assets which revest in Ms. Wring shall be managed by Affordable Management, LLC or such other management company as she may elect.

**5.03     Source of Payments**:  Payments and distributions under the Plan will be funded by the following:

(a)     Distribution of cash on hand as of the Effective Date;

(b)     Distribution of the proceeds of the sale of the real property; and

(c)     Collection and liquidation of any other assets which may be discovered.

Attached as Exhibit 1 to this Plan is a pro forma reflecting the Debtors' projected disposable income over a five year period based on continued operation of the remaining rental properties.

**5.04     Consummation.**  For all purposes, Consummation (and substantial consummation of this Plan) shall occur upon the instant upon which the first distributions of cash or property have been made to any class of Creditors under this Plan following the Effective Date, at which time this Plan shall be deemed fully consummated.

95

**5.05   Pre-Discharge Injunction.** Following Consummation, the Chapter 11 Trustee or, if property of the estate has re-vested in the Debtors, the Debtors may, in their discretion, seek to Administratively Close the Case pending completion of the Debtors' Plan payments and discharge. In the event the automatic stay is deemed lifted by reason of an Order Administratively Closing the Case, all prepetition creditors shall be enjoined from taking steps to enforce any prepetition claims against the Debtors or property of the estate to the same extent that such creditors would have been stayed under 11 U.S.C. § 362, unless such creditor first seeks to reopen the Case and obtains leave of Court to pursue such enforcement actions. The Chapter 11 Trustee or, if applicable, the Debtors shall be entitled to recover their reasonable attorneys' fees and costs incurred in enforcing such injunction and any monetary damages incurred as a result of such violation.

**5.06   Post-Confirmation Payment of Professionals**    Following entry of the Confirmation Order, the Chapter 11 Trustee or, if property of the estate has re-vested in the Debtors, the Reorganized Debtors shall be authorized to employ and compensate professionals without seeking court approval of such employment or payment of such fees for service rendered following entry of the Confirmation Order.

**5.07   Preservation of Claims and Causes of Action**. In accordance with 11 U.S.C. § 1123, the Trustee (and the Reorganized Debtors upon termination of the Trustee ) shall retain and may (but shall not be required to) enforce all claims and causes of action which are property of the estate against any party. The Trustee or the Reorganized Debtor (if applicable), in its sole and absolute discretion, will determine whether to bring, settle, release, compromise, or enforce such claims or causes of action (or decline to do any of the foregoing), and will not be required to seek further approval of the Bankruptcy Court for such action. The Trustee or, if applicable,

the Reorganized Debtors or any successors may pursue such litigation claims in accordance with the best interest of the estate, or upon revesting of the estate in the Reorganized Debtors, the Reorganized Debtors.

## ARTICLE VI

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    **Warranty Agreements and Licenses.**  To the extent necessary, the Debtors shall assume all insurance policies and extended warranty policies in effect as of the Petition Date.

6.02    **Lease Agreements and Lease Purchase Agreements**  At the time of the filing of the Case, the Debtors, through Affordable Management, LLC, were lessors to various residential leases and residential lease purchase agreements (collectively, the "Lease Agreements"). During the course of the Case, various Lease Agreements have (i) terminated by their own terms, or (ii) terminated as a result of tenant defaults or as a result of the sale of the property to the tenant or (iii) been previously assumed and assigned to third parties as a result of the sale of the property subject to the Lease Agreement.   Upon the Effective Date, the Debtors shall assume all remaining prepetition and post-petition Lease Agreements.

6.03    **Additional Contracts.**  All contracts which exist between the Debtors and any individual or entity, whether such contracts are written or oral, which have not heretofore been assumed or rejected or heretofore been approved by Orders of the Court are hereby specifically rejected; provided, however, that this provision is not intended to reject nor shall it be deemed to reject any agreement for the renewal or extension of any loan of funds, presently binding and in effect as between the Debtors and any secured creditor nor shall it be deemed to effect a rejection of (i) any governmental contract to provide health care services; or (ii) any contract with any governmental or nongovernmental insurance provider.

## ARTICLE VII

## PROVISIONS REGARDING DISTRIBUTIONS AND OBJECTIONS TO CLAIMS

**7.01.   Disputed Claims:**   A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Chapter 11 Trustee or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.  The Chapter 11 Trustee reserves the right to object to any claim filed or deemed to be filed in this case at any time.

**7.02   Delay of Distribution on Disputed Claims**.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**7.03   Settlement of Disputed Claims**.  The Chapter 11 Trustee will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

**8.01   Cramdown.**  The Trustee, as the proponent of this Plan of Reorganization, hereby requests the Court to find that the provisions of this Plan provide fair and equitable treatment with respect to any class that is impaired under this Plan and has indicated that it will not accept this Plan, and that this Court confirm the Plan notwithstanding the requirements of 11 U.S.C. § 1129(a)(8) as to such class.

**8.02   Modification of Plan.**  The Chapter 11 Trustee reserves the right to modify or amend this Plan prior to confirmation pursuant to 11 U.S.C. § 1127(a).  Further, the Chapter 11

Trustee reserves the right to seek modification of the Plan after confirmation in accordance with the provisions of 11 U.S.C. § 1127(e).

      **8.03**   **Severability**.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

      8**.04**   **Binding Effect**.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8**.05**   **Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      **8.06.**   **Controlling Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Tennessee govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      **8.07.**   **Effective Date of Plan**.  The Effective Date of this Plan is the first business day following thirty (30) business days following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

      **8.08**   **Discharge:**  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to Class 35 creditors under this Plan unless the Court, for cause, orders a discharge sooner or as otherwise provided in 11 U.S.C. § 1141(d)(5).

## ARTICLE IX

## RETENTION OF JURISDICTION

**9.0**      The Bankruptcy Court shall retain exclusive jurisdiction over this Chapter 11

Case after Confirmation, notwithstanding Consummation or substantial consummation, for the

following purposes:

(a)      to consider and effect any modification of this Plan under Section 1127 of the Bankruptcy Code and to modify the plan to remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

(b)      to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

(c)      to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

(d)      to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

(e)      to hear and determine all Claims and Causes of Action;

(f)      to consider and act on such other matters consistent with this Plan as maybe provided in the Confirmation Order;

(g)      to make such orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

(h)      to approve the reasonableness of any payments made or to be made, within the meaning of Section 1129(a)(4) of the Bankruptcy Code;

(i)      to exercise the jurisdiction granted pursuant to Section 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtors;

(j)      to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan;

(k)    to enforce or lift the pre-discharge injunction in the event the Case is administratively closed pending discharge, and

(l)    to determine any and all motions, applications, adversary proceedings and contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Trustee or the Reorganized Debtors prior to entry of a Final Decree.

Nothing contained in this Article shall be construed so as to limit the rights of the Chapter 11 Trustee to commence or prosecute any claim in any court of competent jurisdiction.

**Respectfully submitted:**

**/s/ Michael P. Coury**
CHAPTER 11 TRUSTEE

**GLANKLER BROWN, PLLC**

/s/ Michael P. Coury
Michael P. Coury (7002)
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
(901) 525-1322
(901) 525-2389 facsimile
mcoury@glankler.com
***Attorneys for Michael P. Coury, Chapter 11 Trustee***

BUTLER SNOW, LLP

By: /s/ R. Campbell Hillyer
R. Campbell Hillyer
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201- facsimile
cam.hillyer@butlersnow.com
***Attorneys for Michael P. Coury, Chapter 11 Trustee***

101

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the parties receiving notice through the Court's CM/ECF Noticing System on December 9, 2016 and that a true and correct copy will be served on all other creditors and interested parties via first class U.S. Mail, postage prepaid.

/s/ Michael P. Coury

4851-7938-5917, v. 1