**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In Re:

AUBREY BRUCE WRING and                    Case No. 10-21899-pjd
VIRGINIA A. WRING,                        Chapter 11

       Debtors.

**THIRD AMENDMENT TO CHAPTER 11 TRUSTEE'S FIRST AMENDED**
**PLAN OF REORGANIZATION**

Pursuant to oral modifications made in open court, Michael P. Coury, Chapter 11 Trustee, (hereinafter "Trustee"), submits this third amendment to the Chapter 11 Trustee's First Amended Plan of Reorganization filed on December 9, 2016 (the "Plan"):

### I.  AMENDMENT TO ARTICLE IV

**Amendment as to Class 8**

Article IV, Section 4.02's treatment of Federal National Mortgage Association, Class 8, is deleted and the following is substituted in its place:

**Class 8:  Prepetition Secured Claim of Federal National Mortgage Association ("FNMA") as Assignee of Chase Mortgage.**  Consists of the unpaid balance due to FNMA on claims which are secured by a duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
| --- | --- | --- |
| 48 | $102,097.96 | 3999 Autumn Springs, Memphis, TN |
| 84 | $99,948.84 | 4014 Autumn Springs, Memphis, TN |
| 45 | $110,977.69 | 5295 Cherokee Rose, Memphis, TN |
| 54 | $93,701.09 | 6315 Farm Hill, Memphis, TN |

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 2 of 12
_____

| 49 | $95,484.90  | 5371 Farm Ridge, Memphis, TN |
|----|-------------|------------------------------|
| 47 | $94,948.93  | 6320 Hayfield Lane, W., Memphis, TN |
| 56 | $92,094.75  | 6329 Hayfield Lane, Memphis, TN |
| 55 | $93,701.09  | 6335 Hayfield Lane, Memphis, TN |
| 52 | $110,659.58 | 5987 Hickory Grove, Memphis, TN |
| 44 | $43,628.83  | 5831 Jardin Place, Memphis, TN |
| 8  | $60,913.82  | 3027 Ridgeway, Memphis, TN |
| 38 | $61,167.23  | 3322 Ridgeway, Memphis, TN |
| 53 | $51,141.10  | 6738 Valley Bend, Memphis, TN |
| 57 | $46,510.26  | 1599 Wilson, Memphis, TN |
| 50 | $99,769.98  | 7800 Redfearn Circle South, Memphis, TN 38133 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1. The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2. The interest rate shall be modified to 5.0%.

3. The loan balances of each loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4. All other terms of the subject loan shall remain unchanged.

5. Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 3 of 12
_____

may extend the time for filing the itemized statement upon good cause shown. In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

      6.      In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

      7.      The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant. Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

      Class 8 is impaired.

**Amendment as to Fay Servicing, As servicer for PROF-2013-S Legal Title Trust, II, By U.S. Bank National Association, As Legal Title Trustee (Fay Servicing")**

Case 10-21899    Doc 2174    Filed 04/21/17    Entered 04/21/17 15:01:37    Desc Main
Document    Page 4 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 4 of 12
_____

Article IV, Section 4.02 treatment of the mortgage secured by real property known as 5831 Jardin Place as evidenced by Proof of Claim No. 44 will be deleted from Class 8 and placed into new Class 8 A with the following treatment:

"**Class 8A Fay Servicing, As servicer for PROF-2013-S Legal Title Trust, II, By U.S. Bank National Association, As Legal Title Trustee (Fay Servicing")**

Class 8A consists of the unpaid balance due to Fay Servicing which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 44-1 | $43,628.83 | 5831 Jardin Place, Memphis TN |

The foregoing claim shall be modified on the Effective Date and the outstanding loan balance shall be restructured and paid as follows:

1.  The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.  The interest rate shall be modified to 5.0%.

3.  The loan balance of the loan, as of the Effective Date of the plan, will be extended and reamortized over a 25-year period;

4.  All other terms of the subject loan shall remain unchanged.

5.  Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the

Case 10-21899 Doc 2174 Filed 04/21/17 Entered 04/21/17 15:01:37 Desc Main Document Page 5 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 5 of 12
_____

Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown. In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6. In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7. The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant. Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 8A is impaired.

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 6 of 12
_____

### Amendment as to Class 26

Article IV, Section 4.02's treatment of Rushmore Loan Management Services, LLC, Class 26, is deleted and the following is substituted in its place:

"Consists of the unpaid balance due to Rushmore which is secured by a duly perfected first priority deed of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
|---|---|---|
| 87-1 | $96,905.54 | 5331 Farmridge Drive, Memphis, TN |
| 41 | $49,617.88 | 4445 Cleopatra, Memphis, TN 38128 |
| 42 | $45,553.65 | 5934 Whisper Valley, Memphis, TN 38141 |
| 58 | $57,316.91 | 4695 Lindawood, Memphis, TN |
| 63 | $44,271.28 | 1001 Bonnie, Memphis, TN 38122 |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1. The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2. The interest rate shall be modified to 4.0%.

3. The loan balance of each loan , as of the Effective Date of the plan, will be extended and reamortized over a 25-year period.

4. All other terms of the subject loan shall remain unchanged.

5. Between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the

Case 10-21899 Doc 2174 Filed 04/21/17 Entered 04/21/17 15:01:37 Desc Main Document Page 7 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 7 of 12
_____

outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below.  Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown.  In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date.  In the event a subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

6. In the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

7. The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant.  Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement.  In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Class 26 is impaired.

Case 10-21899    Doc 2174    Filed 04/21/17    Entered 04/21/17 15:01:37    Desc Main
Document    Page 8 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 8 of 12
_____

### Amendment as to Class 27

Article IV, Section 4.02's treatment of Select Portfolio Servicing, Inc. as servicer for Deutsche Bank Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-1 ("SPS"), Class 27, is deleted and the following is substituted in its place:

**Class 27:  Prepetition Secured Claim of Select Portfolio as Servicer for Long Beach Mortgage Loan Trust 2005-1.** Consists of the unpaid balances due to Select Portfolio which are secured by duly perfected first priority deeds of trust on the real property listed as follows:

| Claim No. | Claim Amount | Property Address |
| --- | --- | --- |
| 67 | $118,387.19 | 7460 Midnight Cove, Memphis, TN 38125 |
| 68 | $60,309.42 | 5325 Albermarle Drive, Memphis, TN 38135 |
| 69 | $105,929.98 | 4746 Harvest Park Drive, Memphis, TN 38125 |
| 70 | $98,510.52 | 7605 Fox Bridge Cove, Memphis, TN 38125 |
| 71 | $83,476.03 | 4390 Angarath Drive, Memphis, TN |
| 72 | $126,497.69 | 8072 Abington Woods Ave., Arlington, TN |
| 73 | $68,187.52 | 4940 Battle Forest Cove, Memphis, TN |
| 74 | $121,956.77 | 7670 Callaway Hills Cove, Memphis, TN |
| 75 | $87,790.90 | 4437 Cleopatra Drive, Memphis, TN |
| 76 | $74,472.10 | 6323 Hayfield Lane, Memphis, TN |
| 77 | $60,777.80 | 5961 Port Harbor Drive, Millington, TN |
| 78 | $60,777.80 | 4677 Lindawood Lane, Memphis, TN |
| 79 | $146,647.40 | 5060 Ashland Grove Street, Arlington, TN |
| 80 | $66,030.40 | 4313 Cleopatra Cove South, Memphis, TN |
| 81 | $98,811.80 | 4017 Shinault Lane, Memphis, TN |
| 82 | $58,386.52 | 3697 White Birch Drive, Memphis, TN |
| 83 | $77,285.80 | 3816 Sungrove Circle E, Memphis, TN |

The foregoing claims shall be modified on the Effective Date and the outstanding loan balances shall be restructured and paid as follows:

1.   The claims shall be deemed to be fully secured without respect to the value of the underlying collateral.

2.   The interest rate shall be modified to 5.0%.

Case 10-21899    Doc 2174    Filed 04/21/17    Entered 04/21/17 15:01:37    Desc Main
Document    Page 9 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 9 of 12
_____

3. The loan balances of each loan, as of the Effective Date of the plan, will be reamortized over a 30-year (360 month) period and the maturity date of such loans will be extended to January 1, 2035.

4. All provisions of that certain Agreed Order Resolving Select Portfolio Servicing, Inc.'s Objection to Confirmation (the "Agreed Order") are incorporated herein by reference. In the event of a conflict between the language of the Agreed Order and the treatment in the Plan, the Agreed Order shall take precedence.

5. All amounts still outstanding upon the maturity date, including any deferred non-interest bearing amount, will be due and owing in full on the maturity date of January 1, 2035.

6. The Trustee has been making regular monthly payments pre confirmation.. All amounts paid have been contractually applied to the loan reducing the total amount due. Any payments made by the Trustee prior to the Effective Date shall be applied contractually, reducing the total amount due.

7. The Trustee will continue making regular pre-confirmation monthly payments until SPS formally notifies the Trustee that system adjustments have been made pursuant to the Plan. Any payments made on or after June 1, 2017, shall be applied per the terms of the Plan. SPS shall make system adjustments for each loan as soon as practicable after confirmation, but in no event more than 30 days after the Effective Date, unless SPS shows good cause for an extension in a motion filed with the Court and granted. SPS shall provide an itemized statement within 7 days of entry of the Confirmation Order, which shall represent amounts due on each loan prior to system adjustments being made. SPS shall provide an itemized statement within 30 days of the Effective Date, showing balances due on each loan after the system adjustments are made.

Case 10-21899    Doc 2174    Filed 04/21/17    Entered 04/21/17 15:01:37    Desc Main Document    Page 10 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 10 of 12
_____

8.  Payments shall be made directly to Secured Creditor at Attn: Remittance Processing, P.O. Box 65450 Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number, or as otherwise directed.

9.  All post-petition escrow advances are included in the total principal balance due upon maturity. The payment required under this Agreed Order and/or the Plan prior to confirmation does not include an escrow payment needed to fund the escrow account per RESPA. The escrow shortage will be calculated and added to the monthly payment after the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

10. All other terms of the Deeds of Trust and Notes not directly altered by this Order or in the Plan will remain in full force and effect. Except as modified by this Order, all other provisions of the Plan relating to Class 27 shall remain in effect.

11.. Except as modified by the Agreed Order, between entry of the order confirming the Plan and the Effective Date, the claimant shall provide to the Chapter 11 Trustee an itemized statement of the outstanding loan balance(s), including any late charges, legal fees, arrearages or other charges asserted by claimant. The loan balance(s) shown on the itemized statement shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan, unless disputed by the Chapter 11 Trustee below. Upon motion filed by a party prior to the Effective Date, the Court may extend the time for filing the itemized statement upon good cause shown. In the event such time is extended, the Chapter 11 Trustee shall commence monthly payments arising after the Effective Date based on the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date. In the event a

Case 10-21899    Doc 2174    Filed 04/21/17    Entered 04/21/17 15:01:37    Desc Main Document    Page 11 of 12

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 11 of 12
_____

subsequently produced itemized statement results in a different amortized payment, the plan payments shall be adjusted to comply with the plan.

12. Except as modified by the Agreed Order, in the event claimant fails to provide an itemized statement of the outstanding loan balance(s) prior to the Effective Date, or such other deadline set by the Court, the outstanding balance(s) shown on the last invoice or statement received from the claimant prior to the Effective Date shall be deemed to be the outstanding loan balance(s) owed to claimant for purposes of the Plan.

13. The Chapter 11 Trustee shall have thirty (30) days from receipt of claimant's itemized statement of the outstanding loan balance(s) to file a motion with the court to dispute the loan balance(s) asserted by claimant. Pending resolution of the dispute, the Chapter 11 Trustee shall make Plan payments based upon the balance(s) reflected on the claimant's disputed itemized statement. In the event the Chapter 11 Trustee is determined to have overpaid the mortgage balance based on claimant's disputed itemized statement, the Chapter 11 Trustee may deduct the overpayment from future payments owed to claimant.

Claim 27 is impaired.

Respectfully Submitted,

GLANKLER BROWN, PLLC

By: /s/ Michael P. Coury
Michael P. Coury, #7002
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
(901) 525-1322
*Attorneys for Michael P. Coury, Chapter 11 Trustee*

In re Aubrey Bruce Wring and Virginia Ann Wring
Case No. 10-21899-pjd-
*Third Amendment To Chapter 11 Trustee's First Amended Plan Of Reorganization*
Page 12 of 12
_____

## Certificate of Service

    The undersigned hereby certifies that a true and correct copy of the foregoing was sent to all creditors and interested parties on the Court's mailing matrix via the Court's ECF electronic service system and/or first class U.S. mail, postage prepaid, this 21st day of April, 2017.

                                                                               /s/ Michael P. Coury_____

4850-8379-7319, v. 1